**John R. HAGAN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 80467.**

Supreme Court of Missouri,
En Banc.

May 26, 1998.

Rehearing Denied June 16, 1998.

Jeremiah W.(Jay) Nixon, Atty. Gen., Ronald D. Prigin, Sp. Asst. Atty. Gen., Jefferson City, for Appellant.

Bruce B. Brown, Roy W. Brown, Kearney, for Respondent.

HOLSTEIN, Judge.

The Director of the Missouri Department of Revenue suspended John R. Hagan's driver's license for repeated convictions for driving while intoxicated. Hagan applied for hardship driving privileges. The trial court granted Hagan limited driving privileges. The Director appeals. Following opinion by the Missouri Court of Appeals, Western District, this Court granted transfer. *Mo. Const. art. V, sec. 10.* The trial court's judgment granting Hagan hardship driving privileges is reversed.

From 1977 through 1989, Hagan was convicted four times for driving while intoxicated and twice for driving with a suspended or revoked driver's license. On June 6, 1990, Hagan pleaded guilty to a felony charge of driving while intoxicated. Because of Hagan's earlier convictions, the Director imposed a ten-year minimum denial pursuant to sec. 302.060(9), RSMo. Supp.1990, making Hagan eligible for reinstatement on June 6, 2000. On January 7, 1997, Hagan filed an application for hardship driving privileges under sec. 302.309.3(6)(a), RSMo Supp.1997. The trial court granted a limited hardship driving privilege and the Director appealed.

In relevant part, sec. 302.309.3(5) provides:

Except as provided in subdivision (6) of this subsection, no person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

. . . .

(b) A conviction of any felony in the commission of which a motor vehicle was used;
(c) Ineligibility for a license because of the provisions of subdivision ... (9) ... of sec. 302.060 [providing a ten-year ineligibility for a license to one convicted more than twice of an offense related to intoxicated driving].

. . . .

As amended in 1996, sec. 302.309.3(6)(a) states in part:

***Provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited hardship driving privilege,*** a circuit court or the director may, in the manner prescribed in this subsection, allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of ten years, as prescribed in subdivision (9) of section 302.060, to apply for limited driving privileges ... if such person has served at least three years of such disqualification or revocation. . . .

(Emphasized language was added by the 1996 amendment.)

When the legislature amends a statute, the amendment is presumed to have some effect. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992). In deciding the effect of the amendment, the Court looks to the words used in the statute and the plain and ordinary meaning of those words. *Id.* The provisions of the entire legislative act must be considered together and all the provisions must be harmonized if possible. *Id.*

Giving the language of sec. 302.309.3(6)(a) its plain and ordinary meaning, an applicant is only eligible for a hardship license if: (1) he was ineligible to obtain an operator's license for ten years pursuant to section 302.060(9); (2) he had served three years of the ineligibility; and (3) he was not "otherwise ineligible for a limited hardship driving privilege" under "this section" which includes subsection .3(5).

Hagan could qualify under sec. 302.309.3(6)(a) if the sole basis of his ineligibility for hardship driving privileges was the ten year revocation. However, Hagan was ineligible for hardship driving privileges on a basis other than the ten year revocation. Specifically, he was ineligible due to the felony conviction involving the use of a motor vehicle. *See sec. 302.309.3(5)(b)*. Thus, he did not meet the third requirement. The trial court erred in granting the hardship driving privileges.

Claiming ambiguity, Hagan makes a series of arguments attempting to apply rules of construction to the statute in such a way as to entitle him to a hardship driving privilege. Specifically, he argues that sec. 302.309 must be read *in pari materia* with statutes providing for the assessment of twelve points for felony violations involving the use of motor vehicles, a one-year revocation for a twelve-point assessment, and the prohibition on the Director issuing a license during a period of suspension or revocation. *See secs. 302.302.1(10), 302.304.7, and 302.060(3)*. He argues that sec. 302.309(5)(b) only bars eligibility for a hardship driving privilege for one year.

The statutes relating to assessment of points for specific violations and the provisions prohibiting the Director from issuing a license and driving privileges to those against whom points are assessed have some overlap with sec. 302.309. However, the provisions of sec. 302.309 specifically relate to the grant or denial of hardship driving privileges by the circuit court. Those provisions provide clear guidance. Reference to the provisions of other sections as a guide to construing when the circuit court may grant a hardship driving privilege is unnecessary.

Second, Hagan argues that sec. 302.309 is remedial in nature and should be construed favorably to granting a hardship driving privilege. However, a remedial statute is a statute enacted for the protection of life and property and in the interest of public welfare. *City of St. Louis v. Carpenter*, 341 S.W.2d 786, 788 (Mo.1961); *State v. Miles Laboratories*, 365 Mo. 350, 282 S.W.2d 564, 574 (19595). "The granting of a hardship driving privilege during the period of revocation is a matter of grace and there is no vested right to receive it." *Williams v. Schaffner*, 477 S.W.2d 55, 57 (Mo. banc 1972). The purpose of subsection .3(5) is to protect the public from those drivers who present a greater risk, not Hagan's interest in driving. Furthermore, remedial statutes are to be interpreted "in order to accomplish the greatest public good." *Carpenter*, 341 S.W.2d at 788. If anything, the greater public good is served by liberally interpreting the hardship driving privilege statute in favor of keeping multiple offenders off the road.

Third, Hagan claims that the legislature could not have intended the unreasonable and inequitable result that persons convicted of a felony involving use of a motor vehicle would be rendered ineligible for limited hardship driving privileges, no matter how remote in time the conviction. That argument is one of policy that has been determined by the legislature. The legislature may impose burdens on those convicted of multiple offenses involving the operation of a motor vehicle while intoxicated. *Williams*, 477 S.W.2d at 56–57. Even greater burdens may be imposed on those whose offenses include conviction of a felony involving the use of a motor vehicle. This is true even if the convictions are years apart. No rule of construction permits the court to read time limitations into a statute that are not there.

Finally, Hagan argues that the controlling authority in this case is *Zitzman v. Lohman,* 917 S.W.2d 617 (Mo.App.1996). There a driver was ineligible for a license for ten years because of prior intoxicated driving related offenses and because he had refused to submit to chemical tests in 1984 and 1988, a separate basis for ineligibility for a hardship driving privilege. *See sec. 302.309.3(5)(e).* That case, decided before the 1996 amendment, determined that a "licensee is not ineligible for relief offered in .3(6) because of any provisions contained in .3(5)." *Zitzman,* 917 S.W.2d at 618.

The effect of the 1996 amendment was to undo the holding of *Zitzman.* After the amendment, a person subject to a ten-year denial may be eligible for limited driving privileges, but not if that person is "otherwise ineligible" for reasons listed in sec. 302.309.3(5), including a conviction of a felony involving the use of a motor vehicle. Hagan is subject to a ten-year denial *and* has been convicted of a felony involving the use of a motor vehicle. Because the felony conviction is an independent basis of ineligibility for a hardship driving privilege, the trial court had no authority to grant Hagan hardship driving privileges pursuant to sec. 302.309.3(6)(a).

The judgment of the trial court is reversed.

All concur.