**Charles K. CONRAD, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 76918.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 2000.

Gerald J. Johnson, Johnson, Montgomery & Maguire, Cape Girardeau, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, II, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

PAUL J. SIMON, Judge.

The Director of Revenue (Director) appeals from a judgment granting Charles K. Conrad (Conrad) a limited driving privilege pursuant to section 302.309, RSMo Cum.Supp.1999. Director argues that the trial court lacked jurisdiction to grant a limited driving privilege because Conrad was statutorily ineligible for it. We agree and therefore, reverse.

On June 23, 1999, Conrad filed a "Petition for Limited Driving Privileges." Conrad alleged that the Director had issued a ten year denial of his driving privileges on October 19, 1993 as a result of Conrad receiving three driving while intoxicated offenses. Conrad averred that he had served five years of the disqualification without any convictions for offenses related to alcohol, controlled substances or drugs. Conrad sought a limited driving privilege for his employment under section 302.309.3(6)(a). Conrad did not attach a copy of his Missouri Driver Record to the petition.

Director filed an answer to the petition, contending that Conrad was ineligible for a limited driving privilege under section 302.309.3(5)(b) because he "has a conviction for a felony the commission of which involved a motor vehicle." Director asserted Conrad had been convicted of felony driving while intoxicated in Cape Girardeau County on September 27, 1993. Director attached to the answer a certified copy of Conrad's Missouri Driver Record, copies of the uniform traffic tickets issued for three driving while intoxicated offenses (including the one on September

27, 1993), and his records of convictions for those offenses. A custodian of records certified the records for the Department of Revenue "pursuant to § 302.312, RSMo, that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue . . . ."

Conrad's petition was brought to trial on August 25, 1999. Conrad offered his own testimony and stated that he had no arrests for driving while intoxicated or anything of a similar nature for five and a half years. He stated he had not been arrested for or convicted of driving while intoxicated for five years, and he had not been convicted of any felony or misdemeanor in the last five years. The Director was represented at the hearing by the county prosecuting attorney's office, who offered no evidence, but confirmed that Director had filed an answer with accompanying attachments.

The court entered a judgment granting Conrad a limited driving privilege. Director filed a motion to set aside the judgment, which the court denied. Director now appeals to this court.

On appeal, Director contends the trial court lacked subject matter jurisdiction to grant a limited driving privilege because Conrad was statutorily ineligible for it under section 302.309.3(5)(b) for a felony conviction "in the commission of which a motor vehicle was used." Director points to Conrad's 1993 felony conviction for driving while intoxicated. Conrad fails to file a brief responding to this appeal.

■ The case at hand is governed by the recent Missouri Supreme Court opinion in *Hagan v. Director of Revenue*, 968 S.W.2d 704 (Mo. banc 1998). In *Hagan*, Director had issued a ten-year denial of driving privileges to Hagan for multiple DWI convictions. *Id.* at 705. One of these convictions was for a felony. *Id.* Hagan filed for a limited driving privilege under section 302.309.3(6)(a), which the trial court granted. *Id.* The Supreme Court

reversed the trial court's granting of a limited driving privilege, finding Hagan was ineligible for it. *Id.* at 706. The Court held that a person subject to the ten-year denial may be eligible for limited driving privileges, but not if that person is ineligible because of the reasons listed in section 302.309.3(5)(b), including a felony conviction involving the use of a motor vehicle. *Id.* at 707. The Court concluded that Hagan's felony conviction for DWI, a felony involving the use of a motor vehicle, disqualified him from a limited driving privilege under section 302.309.3(5)(b). *Id.* at 706. Therefore, the Supreme Court concluded the trial court had no authority to grant Hagan limited driving privileges.

Here, the Department of Revenue records attached to the Director's answer show that Conrad was convicted on September 27, 1993 of driving while intoxicated, a violation of section 577.010. The court sentenced Conrad to three years in the Department of Corrections with a 120–day call-back. The records as a whole indicate the conviction was for a felony involving a motor vehicle.

■ At the trial, Conrad did not dispute the records filed by Director. These records are sufficient to show that Conrad had a prior felony DWI conviction, even though they were never formally offered into evidence. *Lane v. Director of Revenue*, 996 S.W.2d 117, 120 (Mo.App. E.D. 1999). Moreover, Conrad had the burden at trial to prove that he was eligible for a limited driving privilege. Section 302.309.3(6)(a). Conrad offered no evidence to show he was statutorily eligible based on Director's answer.

■ Under *Hagan*, Conrad is statutorily ineligible for a limited driving privilege because of his felony conviction. *Hagan*, 968 S.W.2d at 706–07. Accordingly, the circuit court lacked subject matter jurisdiction to grant such privileges and could take no other action except to dismiss Conrad's petition. *Sanders v. Director of Revenue*, 998 S.W.2d 804, 805 (Mo.App. E.D.

1999); *See also, Rider v. Director of Revenue*, 5 S.W.3d 211, 212–13 (Mo.App. S.D. 1999).

The judgment of the trial court is reversed.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.