STATE ex rel. DIRECTOR
OF REVENUE, State of
Missouri, Relator,

v.

The Honorable David MOBLEY, Judge,
Circuit Court of Ralls County, Missouri, Associate Division, 10th Judicial
Circuit, Respondent.

No. SC 83068.

Supreme Court of Missouri,
En Banc.

June 12, 2001.

As Modified on Denial of Rehearing
July 24, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
James A. Chenault, III, Sp. Asst. Atty.
Gen., Jefferson City, for Relator.

C.E. "Sketch" Rendlen, III, Hannibal,
for Respondent.

PRICE, Judge.

## I.

The Director of the Department of Revenue ("Director") seeks a writ prohibiting
the Circuit Court of Ralls County from
reinstating Jerry C. Robinson's ("Robinson") driving privileges.[1] Robinson has
been convicted of driving while intoxicated
("DWI") on numerous occasions and has
had his license revoked, reinstated, and
revoked again.

The Director contends that the circuit
court acted in excess of its jurisdiction
when it granted Robinson renewed limited
driving privileges. The preliminary writ
of prohibition is made absolute.

## II.

Robinson has been convicted of DWI on
numerous occasions: on June 29, 1966;
January 9, 1970; September 16, 1971; and
December 7, 1976. In December 1971, the
Director denied Robinson's driving privileges as a result of his multiple convictions
for DWI.

In February 1984, the Circuit Court of
Ralls County ordered the Director to issue
a new driver's license to Robinson under
section 302.060(9), RSMo Supp.1983. Section 302.060(9) allows a one-time exception

1. The Honorable David Mobley, the present associate circuit judge of the 10th Judicial Circuit, has been substituted as the party in interest.

to the denial of driving privileges related to multiple DWIs. In July 1984, Robinson was again convicted of DWI. As a result, the Director denied Robinson's driving privileges a second time, this time permanently.

In July 1985, Robinson petitioned for limited driving privileges, and the circuit court granted the motion. The circuit court granted Robinson limited driving privileges for one year. Then in March 1988, the circuit court extended those privileges until 1994, based on what it termed continuing jurisdiction. The Director filed a motion to set aside the 1988 order, which the circuit court denied. The Director appealed to the court of appeals, which reversed the trial court, holding that Robinson was ineligible for such privileges under section 302.309.3(5), RSMo Supp.1988 because of his felony DWI convictions.[2]

In June 2000, Robinson petitioned the Circuit Court of Ralls County seeking limited driving privileges based on hardship pursuant to sections 302.060 and 302.309. On August 15, 2000, the court entered an order granting Robinson limited driving privileges. The Director filed a motion with the circuit court seeking to set aside the grant of driving privileges. The circuit court denied the motion. The Director filed a petition for writ of prohibition with the court of appeals, which denied the petition. The Director then filed a petition for writ of prohibition in this Court.

### III.

This Court's power to issue remedial writs derives from article V, section 4.1 of the Missouri Constitution. Situations where this Court has issued writs of prohibition generally fall within one of three categories; 1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction; 2) where there exists a clear excess of jurisdiction or abuse of discretion such that the lower court lacks the power to act as contemplated; or 3) where there is no adequate remedy by appeal. *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861, 862 (Mo. banc 1986). The instant case falls in the second category.

### IV.

The Director's petition is based on a claim that the circuit court exceeded its jurisdiction when it granted Robinson's petition for limited hardship driving privileges based on section 302.309, RSMo Supp.1999. There are two statutes that are involved in Robinson's case, section 302.060, RSMo Supp.1999, and section 302.309, RSMo Supp.1999. Section 302.060 is the statute that dictates generally to whom a driver's license may not be issued by the Director. Section 302.309 is the statute that sets out the circumstances under which the Director may return a suspended or revoked license; the court or Director may grant limited driving privileges. The section also describes the judicial review procedure for cases in which the Director denies limited privileges.

Section 302.060(9) allows a court to reinstate a petitioner's driving privileges in certain circumstances.

> If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that the petitioner's habits and conduct show such petitioner to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner... *No person may obtain a license pursuant to the provisions of this subdivision*

---

**2.** See *Robinson v. Director of Revenue*, 762 S.W.2d 872, 875 (Mo.App.1989).

*through court action more than one time.*

Section 302.060(9) (emphasis added).

Section 302.309.3(6)(b) allows the Director or a circuit court to grant a person who has had his or her driving privileges revoked limited driving privileges for hardship purposes, if that person has served at least two years of the revocation and shows the court that he or she has not been convicted of any alcohol-related offenses during that period and is no longer a threat to public safety. But that section also states plainly that "[a]ny person denied a license permanently in this state because of an alcohol-related conviction subsequent to a restoration of such person's driving privileges pursuant to subdivision (9) of section 302.060 shall not be eligible for limited driving privilege pursuant to the provisions of this subdivision."

The two sections are interrelated and in this case they overlap. Section 302.060 forbids the Director from issuing a standard driver's license to a person who has had his or her license restored once and subsequently revoked. Section 302.309 grants the circuit court or the Director the power to give those whose licenses have been revoked some limited driving privileges, except for those who have had driving privileges restored once and subsequently had them revoked again.

Robinson argues that his last DWI conviction occurred more than ten years ago and that he should be eligible for limited hardship driving privileges as allowed according to section 302.060(9). He argues that the ten-year lapse in time makes him eligible under the statute relying on *Hagan v. Director of Revenue*, 968 S.W.2d 704 (Mo. banc 1998). This Court held in *Hagan* "a person subject to a ten-year

denial may be eligible for driving privileges, but not if that person is 'otherwise ineligible' for reasons listed in section 302.309.3(5), including a conviction of a felony involving the use of a motor vehicle."[3] *Hagan*, 968 S.W.2d 704, 707.

Robinson does not benefit from *Hagan*—he is not only ineligible for limited privileges according to the language of section 302.309.3(6)(b), but also according to section 302.309.3(5)(b). The plain language of both statutory provisions render Robinson ineligible for limited driving privileges. Though section 302.309.3(6)(b) became effective on August 28, 1999, after Robinson's revocation, it is, nonetheless, applicable to him. He filed his petition for limited driving privileges in June 2000, after the section had taken effect.

Robinson had his license revoked after three DWI's. After having his driving privileges reinstated pursuant to section 302.060(9), he was again convicted of an alcohol-related driving offense and had his license permanently denied. Robinson is barred from driving privileges pursuant to sections 302.060(9) and 302.309.3(6)(b). The circuit court has no discretion in this matter.

## V.

The circuit court acted in excess of its jurisdiction when it ordered the Director to restore Robinson's driving privileges. The preliminary writ of prohibition is made permanent.

All concur.

---

**3.** Robinson is also rendered ineligible for hardship driving privileges according to § 302.309.3(5)(b), the section that rendered the petitioner in *Hagan* ineligible, for being convicted of a felony involving the use of a motor vehicle.