**Frankie Gene HICKS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 79045.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 20, 2001.

Jeremiah W. (Jay) Nixon; Attorney General; James A. Chenault, III; Special Assistant Attorney General; Missouri Department of Revenue, Jefferson City, MO, for appellant.

Scott T. Horman; Scott City, MO, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals from a judgment granting Frankie Hicks (Driver) a limited driving privilege pursuant to Section 302.309.3 RSMo Cum. Supp.1999.[1] We reverse.

Pursuant to Section 302.060(9) RSMo Cum.Supp.1996, Director issued a ten-year denial of Driver's driving privileges on April 9, 1997, as a result of Driver having more than two convictions for driving while intoxicated (DWI).[2] On August 8,

---

1. All subsequent statutory citations are to RSMo Cum.Supp.1999 unless otherwise stated.

2. Driver was convicted on March 17, 1994, for a DWI offense that occurred on August 10, 1993. As of that date, Driver had three prior DWIs on October 21, 1987, May 12, 1987, and October 19, 1983. Driver is eligible for reinstatement of his driving privileges on March 17, 2004, ten years after the date of conviction for the August 10, 1993 offense.

2000, Driver filed a petition seeking a limited driving privilege pursuant to Section 302.309.3(6)(a). In his petition, Driver averred that more than three years had passed since his driving privileges were revoked and he was not ineligible to receive a hardship driving privilege pursuant to Section 302.309.3(5)(c) or any other provision of Section 302.309.3(5).

Director filed an answer asserting Driver was ineligible for limited driving privileges pursuant to Section 302.309.3(5)(b), in that he had been convicted of a felony in which a motor vehicle was used. Director attached to the answer certified copies of Driver's Missouri Driver Record and the Record of Conviction for the August 10, 1993 offense. A custodian of records certified those records for the Department of Revenue "pursuant to § 302.312, RSMo, that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue . . ."

At trial Driver testified that it was necessary for him to have a valid driver's license for his job. The Director asked only that the trial court take judicial notice of Director's answer to Driver's petition and its accompanying attachments. After taking judicial notice as requested and considering the other evidence presented at trial, the trial court granted Driver's request for limited driving privileges, finding "no evidence was presented that [Driver] was convicted of a felony involving the use of a motor vehicle." Director appeals from that judgment.

In his sole point, Director argues the trial court lacked jurisdiction to grant limited driving privileges to Driver because he was statutorily ineligible pursuant to Section 302.309.3(5)(b) due to the March 17, 1994 DWI conviction. Director asserts sufficient evidence of the felony conviction existed in the record before the trial court to prove Driver was ineligible for limited driving privileges. Driver responds that the Missouri Driver Record and the Record of Conviction attached to Director's answer are not sufficient to indicate the March 17, 1994 DWI conviction was a felony because the Record of Conviction does not set forth the sentence, and no separate document reflects the sentence for that conviction.

Rather than specify the sentence Driver received for the March 17, 1994 conviction, the Record of Conviction says "[s]ee copy of Sentencing Order" and no Sentencing Order is in the record. However, we find the Record of Conviction provided the trial court with enough information to determine that Driver had a felony conviction when he applied for the limited driving privilege thereby rendering him statutorily ineligible for such a privilege pursuant to Section 302.309.3(5)(b).

■ We will uphold the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Jones v. Director of Revenue,* 18 S.W.3d 538, 539 (Mo.App. E.D. 2000).

Pursuant to Section 302.309.3(6)(a) a driver is permitted to petition for limited driving privileges provided he has served at least three years of a ten-year denial, he has not been convicted of any alcohol or drug related offenses during the preceding three years, his habits and conduct show he no longer poses a threat to the public safety, and he is not otherwise ineligible. Section 302.309.3(5)(b) provides that no person is eligible to receive limited driving privileges if at the time of application for such privileges, he has had his license suspended or revoked for the conviction of

any felony in the commission of which a motor vehicle was used. *See Hagan v. Director of Revenue*, 968 S.W.2d 704 (Mo. banc 1998) (driver statutorily ineligible under Section 302.309.3(5)(b) for limited driving privileges due to a felony DWI conviction involving the use of a motor vehicle).

■ A trial court lacks jurisdiction to grant limited driving privileges to one who is statutorily ineligible. *State ex rel. Director of Revenue v. Mobley*, 49 S.W.3d 178, 180 (Mo. banc 2001). If the court lacks jurisdiction, it may take no action other than to exercise its inherent power to dismiss. *Sanders v. Director of Revenue*, 998 S.W.2d 804, 805 (Mo.App. E.D. 1999). Any other action taken by a court lacking subject matter jurisdiction is null and void. *Id.*

■ The trial court took judicial notice of Driver's Missouri Driver Record and the Record of Conviction without objection. The Record of Conviction for the August 10, 1993 offense contains a space labeled "Charge on Which Convicted," which has been filled in with "577.010" followed by "DWI Alcohol Persistent Offender." Section 577.010 RSMo 1986 defines the crime of driving while intoxicated as operation of a motor vehicle while in an intoxicated or drugged condition. Section 577.023.1(2) RSMo 1986 defines persistent offender as "one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic conviction." Finally, Section 577.023.3 RSMo 1986 says "[a]ny person who pleads guilty to or is found guilty of a violation of [s]ection 577.010 ... who is alleged and proved to be a persistent offender shall be guilty of a class D felony."

The language "577.010" followed by "DWI–Alcohol–Persistent Offender" clearly informs us that this Record of Conviction is for the conviction of a felony in which a motor vehicle was used. Additionally, that felony conviction is further substantiated by Driver's Missouri Driver Record, which indicates Driver had three DWI convictions in the ten years preceding the DWI on August 10, 1993. Moreover, it is undisputed that Driver's license was suspended or revoked as a result of the August 10, 1993 offense.

The case before us is strikingly similar to *Conrad v. Director of Revenue*, 20 S.W.3d 607 (Mo.App. E.D.2000). In *Conrad*, the driver filed a petition for limited driving privileges in order to drive for employment, pursuant to Section 302.309.3(6)(a), claiming that he had served five years of his ten-year denial without any convictions for offenses related to alcohol, substance abuse, or drugs. *Id.* at 608. Director filed an answer asserting Conrad was ineligible for limited driving privileges under Section 302.309.3(5)(b) because he had a conviction for a felony in which a motor vehicle was involved. *Id.* Director attached to his answer a certified copy of Conrad's Missouri Driver Record, including copies of the traffic tickets and records of convictions for Conrad's three DWI offenses. *Id.*

The trial court granted Conrad limited driving privileges, which we reversed because the trial court lacked subject matter jurisdiction to grant such privileges as Conrad was statutorily ineligible. *Id.* We held on appeal that the records provided by Director were sufficient to show Conrad had a prior felony DWI conviction. *Id.*

We find the record before the trial court was sufficient to show that Driver's license

had been revoked because he had a conviction for a felony involving a motor vehicle. Therefore, Driver is statutorily ineligible, pursuant to Section 302.309.3(5)(b), for a limited driving privilege because of his felony conviction. The trial court lacked subject matter jurisdiction to grant the requested limited driving privilege.

Judgment reversed.

MARY R. RUSSELL, P.J. and PAUL J. SIMON, J., concur.