Donald L. WILLIAMS, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 79356.

Missouri Court of Appeals, Eastern District, Division Four.

March 5, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., David M. Lieber, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Francis J. Toohey Jr., Perryville, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Appellant Director of Revenue ("Director") appeals the judgment granting Donald L. Williams ("Driver") limited driving privileges. We reverse and remand.

Driver was convicted of driving while intoxicated in March 1989 and in March 1991. The second conviction resulted in a five year revocation of his driving privileges. Driver's driving privileges were again suspended in July 1991 and in March 1992 for refusing to submit to a chemical examination. Driver was convicted of a third driving while intoxicated offense in February 1995.

In April 1997, Director revoked Driver's driving privileges for ten years because he had accumulated more than two alcohol-related convictions within ten years. In September 2000, Driver filed a petition in the circuit court for limited driving privileges pursuant to section 302.309.3 RSMo. 2000.[1] On October 30, 2000, the court entered an order of default against Director and granted Driver limited driving privileges. On November 6, 2000, Director moved to set aside the order. On February 26, 2001, the court entered its judgment denying Director's motion. Director filed a notice of appeal on March 29, 2001.

■ As a threshold matter, we note that the trial court denied Director's motion to set aside the order on the grounds that it lost jurisdiction over the motion because it was not ruled within thirty days after the October 30, 2000 order. The basis for this ruling was apparently Missouri Court Rule 74.01 which provides that the trial court retains control over judgments for thirty days after the entry of judgment. However, that conclusion assumes that the order entered on October 30, 2000, was a judgment.

Rule 74.01(a) provides:

### Rule 74.01 Judgment

(a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter judgment in a separate document. The separate document shall be the judgment when entered.

The Supreme Court of Missouri has interpreted Rule 74.01 as follows:

The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality. It establishes a "bright line" test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue.

Webster's Third New International Dictionary defines "denominate" as "to give a name to: to call by a name." The American Heritage Dictionary, Second Edition defines "denominate" as "to give a name to; designate." Thus, the written judgment must be signed by the judge and must be designated a "judg-

---

1. Unless otherwise indicated, all statutory references are to the Missouri Revised Statutes 2000.

ment." Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court. Depending upon the text, mere use of the word "judgment" in the body of the writing or docket entry may not suffice.

*City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

The document entered on October 30, 2000, was denominated "Order Approving Application For Limited Driving Privilege," and it was docketed as an order, although in the body of the document, the trial court said that it was "ordered, adjudged and decreed." In contrast, the document denying Director's motion to set aside the order, entered February 26, 2001, was denominated "Judgment Entry." We conclude that the trial court's ruling was erroneous and that the order entered October 30, 2000, was not a judgment. *See McDonald v. Lohman,* 961 S.W.2d 126, 127 (Mo.App.1998) (in a Director of Revenue case, the court held that document which was denominated an "Order" and which ended with a recitation which "orders, adjudges, and decrees" was not a final judgment). We further conclude that the document entered on February 26, 2001, which was denominated "Judgment Entry," was a judgment. As such, it was not final until thirty days after its entry, on March 26, 2001. Rule 81.05(a)(1). Therefore, as Director filed its notice of appeal on March 29, 2001, this appeal is timely and proper.

■ Moving on to the merits of this appeal, in its sole point for review, Director argues that the circuit court lacked subject matter jurisdiction to grant limited driving privileges to Driver because he is ineligible for such privileges under section 302.309.3(5). Our standard of review is whether the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares or decides the law. *Ragland v. McNeill,* 747 S.W.2d 701, 702 (Mo.App.1988) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). We view the evidence in the light most favorable to the judgment entered by the trial court. *Jones v. Director of Revenue,* 18 S.W.3d 538, 539 (Mo.App.2000).

■ "A circuit court does not have jurisdiction to grant limited driving privileges to a person who is statutorily ineligible to receive them." *Sanders v. Director of Revenue,* 998 S.W.2d 804, 805 (Mo.App. 1999). If the court lacks subject matter jurisdiction, it "may take no action other than to exercise its power to dismiss the action." *Id.* (quoting *Beach v. Director of Revenue,* 934 S.W.2d 315, 318 (Mo.App. 1996)). Section 302.309.3(6) provides that as long as an applicant "is not otherwise ineligible for a limited driving privilege," a circuit court may grant limited driving privileges to that applicant.

The Supreme Court has interpreted this subsection as follows:

Giving the language of sec. 302.309.3(6)(a) its plain and ordinary meaning, an applicant is only eligible for a hardship license if: (1) he was ineligible to obtain an operator's license for ten years pursuant to section 302.060(9); (2) he had served three years of the ineligibility; and (3) he was not "otherwise ineligible for a limited hardship driving privilege" under "this section" which includes subsection .3(5).

*Hagan v. Director of Revenue,* 968 S.W.2d 704, 706 (Mo. banc 1998). Section 302.309.3(5) provides, in relevant part, as follows:

Except as provided in subdivision (6) of this subsection, no person is eligible to receive a limited driving privilege ... whose license has been suspended or revoked for the following reasons:

\* \* \*

(b) A conviction of any felony in the commission of which a motor vehicle was used.

\* \* \*

(f) Violation more than once of the provisions of section 577.041, RSMo., or a similar implied consent law of any other state.

In *Hagan*, the Supreme Court reversed a grant of limited driving privileges because the driver was "otherwise ineligible" as a result of his felony conviction involving the use of a motor vehicle. 968 S.W.2d at 707. Director claims that Driver is ineligible because he has a felony conviction in which a motor vehicle was used and because he has violated section 577.041 more than once by refusing to take a chemical test. We agree.

This case is similar to *Sanders, supra*, in which this court reversed the circuit court for granting a driver limited driving privileges. In *Sanders*, the driver, on two previous occasions, had his driving privileges revoked for violating section 577.041 by refusing to take a chemical test. 998 S.W.2d at 805. Citing *Hagan*, the court noted that the driver could have qualified under section 302.309.3(6)(a) if the only reason for his ineligibility for his hardship driving privileges was his ten-year revocation. *Id.* at 806. However, the court went on to say that the driver was "otherwise ineligible" due to the fact that he had more than once violated section 577.041, which is a basis for ineligibility under section 302.309.3(5)(f). *Id.*

Likewise in this case, Driver's driving record reflects two chemical refusal revocations, one on March 31, 1991, and one on July 13, 1991. Therefore, under *Sanders* and *Hagan*, he was "otherwise ineligible" and was not qualified for limited driving privileges under section 302.309.3(6)(a). As Driver was statutorily ineligible to receive limited driving privileges, the circuit court lacked subject matter jurisdiction to grant such privileges and it should not have taken any action other than to exercise its power to dismiss Driver's petition. *Sanders*, 998 S.W.2d at 806.

Based on the foregoing, the judgment of the circuit court is reversed and the cause is remanded with directions to dismiss Driver's petition.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concurs.