STATE ex rel. DIRECTOR
OF REVENUE, State of
Missouri, Relator,

v.

Honorable David H. ASH, Associate Circuit Court of Pike County, Missouri, 45th Judicial Circuit, Respondent.

No. ED 86800.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Oct. 11, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Asst. Atty. Gen., Jefferson City, MO, for relator.

Candy L. Ries, Louisiana, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Relator Director of Revenue filed a petition for a writ of prohibition to require the respondent judge to recall his order granting Casey Price limited driving privileges

pursuant to Section 302.309 RSMo.2000.[1] Because we find the judge exceeded his jurisdiction in granting limited driving privileges to Price, our preliminary order in prohibition is made absolute.

### Facts

Price was convicted of felony driving while intoxicated (DWI) in 1998. As a result, the Director of Revenue denied Price's driving privilege for ten years, effective September 7, 1998. Price filed a petition seeking limited driving privileges and attached a copy of his Missouri Driver Record to the petition. The respondent denied the Director's motion to dismiss Price's petition and entered an order granting Price limited driving privileges on August 9, 2005.

The Director filed a petition for a writ of prohibition and suggestions in support. This Court entered a preliminary order in prohibition and directed the respondent to file his answer to the petition in prohibition. Respondent has not done so and is in default.

### Analysis

A writ of prohibition is not issued as a matter of right; rather, whether a writ should be issued in a particular case is a question left to the sound discretion of the court in which a petition has been filed. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990); *State ex rel. Boyle v. Sutherland,* 77 S.W.3d 736, 737 (Mo.App. E.D.2002). "[P]rohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. Director of Revenue, State of Mo. v. Gaertner,* 32 S.W.3d 564, 566 (Mo. banc 2000); *State ex rel. Noranda Alumi-num, Inc. v. Rains,* 706 S.W.2d 861, 862–63 (Mo. banc 1986). The instant case falls in the second category.

The Director claims the respondent judge exceeded his jurisdiction. The Director argues the trial court lacked jurisdiction to grant limited driving privileges because Price was statutorily ineligible for such privileges, pursuant to Section 302.309.3(5)(b), as a result of his felony DWI conviction. We agree.

A driver is permitted to petition for limited driving privileges if (1) he is ineligible to obtain an operator's license for ten years pursuant to Section 302.060(9); (2) he has served three years of the ineligibility period without conviction for any drug- or alcohol-related offense; (3) and he is not otherwise ineligible for limited driving privileges under this section, which includes Section 302.309.3(5)(b). Section 302.309.3(6)(a); *Hagan v. Director of Revenue,* 968 S.W.2d 704, 706 (Mo. banc 1998). Section 302.309.3(5)(b) provides an independent basis of ineligibility in that no person may receive limited driving privileges if his license was suspended or revoked for conviction of a felony involving use of a motor vehicle. *Hagan,* 968 S.W.2d at 705–07; *Hicks v. Director of Revenue,* 59 S.W.3d 927, 929–30 (Mo.App. E.D.2001).

A trial court lacks jurisdiction to grant limited driving privileges to one who is statutorily ineligible. *Hicks,* 59 S.W.3d at 930, *citing State ex rel. Director of Revenue v. Mobley,* 49 S.W.3d 178, 180 (Mo. banc 2001). If the court lacks subject-matter jurisdiction, it may take no action other than to dismiss the petition. *Williams v. Director of Revenue,* 69 S.W.3d 919, 920 (Mo.App. E.D.2002); *Conrad v. Director of Revenue,* 20 S.W.3d 607, 609 (Mo.App. E.D.2000).

---

1. All statutory references are to RSMo.2000.

Here, the Department of Revenue records attached to Price's petition and to the Director's motion to dismiss unequivocally show that Price was convicted of a felony that involved use of a motor vehicle, specifically felony DWI. Price is statutorily ineligible for limited driving privileges because of his felony conviction. *Hagan,* 968 S.W.2d at 706–07; *Williams,* 69 S.W.3d at 922. Consequently, the circuit court lacked subject-matter jurisdiction to grant Price such privileges, and it should not have taken any action other than to exercise its power to dismiss Price's petition. *Williams,* 69 S.W.3d at 922.

The circuit court acted in excess of its jurisdiction when it ordered the Director to grant Price limited driving privileges. The preliminary order in prohibition is made absolute.

CLIFFORD H. AHRENS and BOOKER T. SHAW, JJ., concur.