**STATE ex rel. DIRECTOR OF REVENUE, STATE OF MISSOURI, Relator,**

v.

**The Hon. Charles D. CURLESS, Judge of the Circuit Court of Barton County, Missouri 28th Judicial Circuit, Respondent.**

No. 27277.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 28, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen.; James A. Chenault III, Sp. Asst. Atty. Gen., Jefferson City, MO, for Relator.

Christopher Hoberock, Nevada, MO, for Respondent.

JEFFREY W. BATES, Chief Judge.

The Director of Revenue ("Relator") filed a petition for a writ of prohibition to require the Honorable Charles D. Curless ("Respondent") to recall his order granting Milton G. Wright ("Wright") limited driving privileges pursuant to § 302.309.[1] The Director contended that Wright was statutorily ineligible to receive such privileges since he had a prior felony conviction for driving while intoxicated. We issued a preliminary order in prohibition. Because we find Respondent exceeded his jurisdiction in granting limited driving privileges to Wright, our preliminary order is made peremptory.

On December 31, 2001, Wright was convicted in the Circuit Court of Barton County, Missouri, of driving while intoxicated. This offense was a felony because Wright was a persistent offender. *See* § 577.023. On February 2, 2002, Relator denied Wright's driving privileges for a minimum of ten years as a result of this conviction. *See* § 302.060(9) RSMo (2000).

In July 2005, Wright filed a petition in the Circuit Court of Barton County, Missouri, requesting that he be granted limited driving privileges. The petition disclosed that Wright's driving privileges had been denied for ten years by Relator because Wright had three prior alcohol-related driving convictions. A copy of Wright's Department of Revenue driving record was attached to the petition. This record disclosed that Wright had three convictions for driving while intoxicated, one of

---

1. All references to statutes are to RSMo (Cum.Supp.2004), unless otherwise indicated. We also note that § 302.309 was amended effective September 30, 2005. Because the amendment took effect after entry of the trial court's judgment, we rely upon the prior version of the statute in deciding the issue presented by this prohibition action. Thus, all citations in this opinion to § 302.309 refer to the version that was in effect through September 29, 2005.

which was the felony conviction mentioned above. On August 3, 2005, Respondent entered a judgment granting Wright limited driving privileges. On August 8, 2005, Relator filed a motion requesting that the court set the judgment aside because Wright was statutorily ineligible to be granted such privileges. Respondent denied the motion on September 14, 2005. Shortly thereafter, Relator filed a petition for writ of prohibition in this Court. We entered a preliminary order in prohibition and directed Respondent to file his answer to the petition in prohibition. Respondent has not done so and is in default.

█ One essential function of prohibition is to correct or prevent inferior courts and agencies from acting without or in excess of their jurisdiction. *State ex rel. Police Retirement System of St. Louis v. Mummert*, 875 S.W.2d 553, 555 (Mo. banc 1994); *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991); *State ex rel. Cunningham v. Wiggins*, 156 S.W.3d 473, 475 (Mo.App. 2005). Relator argues that Respondent lacked jurisdiction to grant limited driving privileges to Wright. Specifically, Relator contends that § 302.309.3(5) renders Wright statutorily ineligible to receive such privileges because of his felony conviction for driving while intoxicated. We agree.

Wright sought to obtain limited driving privileges pursuant to § 302.309.3(6)(a), which states:

*Provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited driving privilege,* a circuit court or the director may, in the manner prescribed in this subsection, allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of ten years, as prescribed in

subdivision (9) of section 302.060, to apply for a limited driving privilege pursuant to this subsection if such person has served at least three years of such disqualification or revocation. Such person shall present evidence satisfactory to the court or the director that such person has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding three years and that the person's habits and conduct show that the person no longer poses a threat to the public safety of this state.

(Emphasis added.) The italicized language in this portion of the statute is critically important because § 302.309.3(5) states, in pertinent part, that "no person is eligible to receive a limited driving privilege ... whose license has been suspended or revoked for the following reasons: ... (b) A conviction of any felony in the commission of which a motor vehicle was used...." In *Hagan v. Director of Revenue*, 968 S.W.2d 704 (Mo. banc 1998), our Supreme Court held that a felony conviction for driving while intoxicated constituted the commission of a felony using a motor vehicle and, therefore, rendered a driver statutorily ineligible to receive limited driving privileges pursuant to § 302.309.3(6)(a):

Giving the language of sec. 302.309.3(6)(a) its plain and ordinary meaning, an applicant is only eligible for a hardship license if: (1) he was ineligible to obtain an operator's license for ten years pursuant to section 302.060(9); (2) he had served three years of the ineligibility; and (3) he was not "otherwise ineligible for a limited hardship driving privilege" under "this section" which includes subsection .3(5). Hagan could qualify under sec. 302.309.3(6)(a) if the sole basis of his ineligibility for hardship driving privileges was the ten year

revocation. However, Hagan was ineligible for hardship driving privileges on a basis other than the ten year revocation. Specifically, he was ineligible due to the felony conviction involving the use of a motor vehicle. *See sec. 302.309.3(5)(b).* Thus, he did not meet the third requirement. The trial court erred in granting the hardship driving privileges.

*Hagan,* 968 S.W.2d at 706 (italics in original).

In the case at bar, Wright has a felony conviction for driving while intoxicated. Accordingly, he is statutorily ineligible to be granted limited driving privileges. *State ex rel. Director of Revenue v. Mobley,* 49 S.W.3d 178, 180 (Mo. banc 2001); *Harris v. Director of Revenue,* 132 S.W.3d 897, 902 (Mo.App.2004); *Hicks v. Director of Revenue,* 59 S.W.3d 927, 930 (Mo.App. 2001); *Conrad v. Director of Revenue,* 20 S.W.3d 607, 609 (Mo.App.2000).

■ A circuit court lacks jurisdiction to grant limited driving privileges to a person who is not statutorily eligible to receive them. *Williams v. Director of Revenue,* 69 S.W.3d 919, 921 (Mo.App.2002); *Hicks,* 59 S.W.3d at 930. The only action Respondent should have taken was to dismiss Wright's petition. *Hicks,* 59 S.W.3d at 930. Accordingly, Respondent acted in excess of his jurisdiction by granting Wright limited driving privileges. *See Mobley,* 49 S.W.3d at 180; *State ex rel. Director of Revenue v. Ash,* 173 S.W.3d 388, 390 (Mo. App.2005). Our preliminary order in prohibition is made peremptory.

SHRUM, P.J., and GARRISON, J., Concurs.