STATE ex rel. DIRECTOR
OF REVENUE, State of
Missouri, Relator,

v.

The Honorable Amy J. KINKER, Judge of the Associate Circuit Court of Lincoln County, Missouri 45th Judicial Circuit, Respondent.

No. ED 88439.

Missouri Court of Appeals,
Eastern District,
Writ Division Seven.

Sept. 26, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 26, 2006.

James A. Chenault, III, Missouri Department of Revenue, Legal Services Division, General Counsel's Office, Jefferson City, MO, for relator.

Edward J. Grewach, Troy, MO, for respondent.

KATHIANNE KNAUP CRANE,
Presiding Judge.

The Director of the Department of Revenue (Director) seeks a writ of prohibition prohibiting the Circuit Court of Lincoln County from granting limited driving privileges to James Justin Mense. Mr. Mense has twice been convicted of driving while intoxicated (DWI) and has had his license revoked.

The Director contends that the circuit court acted in excess of its jurisdiction when it granted Mr. Mense limited driving privileges. The preliminary writ of prohibition is made absolute.

I. *Chronology*

Mr. Mense's first DWI offense occurred on November 4, 2001. He was placed on probation and given a suspended imposition of sentence. His driving privileges were administratively suspended from November 19, 2001 until February 27, 2003. On August 27, 2002, Mr. Mense received a limited driving privilege until February 27, 2003. On March 18, 2004, while he was still on probation for the November 2001 offense, he committed a second DWI offense, to which he pleaded guilty. That

conviction was entered on July 8, 2004. On February 13, 2005, the circuit court revoked Mr. Mense's probation and entered a conviction on the November 2001 DWI offense. On April 21, 2005, the Director also assessed a five-year denial of Mr. Mense's driving privilege, pursuant to section 302.060(1), RSMo, as a result of his having been convicted twice within five years of driving while intoxicated.

On March 21, 2006, Mr. Mense filed a petition for limited driving privileges. The Director filed a motion to dismiss the petition on the grounds that the circuit court lacked jurisdiction to issue limited driving privileges to Mr. Mense. The Director argued that Mr. Mense was statutorily ineligible for limited driving privileges because 1) he had not completed the first two years of his license denial and 2) he had been issued limited driving privileges within the preceding five years. The trial court denied the motion to dismiss, and subsequently entered an order granting limited driving privileges to the petitioner. The Director then filed a petition for writ of prohibition in this court.

II. *Discussion*

Our power to issue remedial writs derives from article V, section 4.1 of the Missouri Constitution. We have issued writs of prohibition in situations that generally fall within one of three categories: 1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction; 2) where there exists a clear excess of jurisdiction or abuse of discretion such that the lower court lacks the power to act as contemplated; or 3) where there is no adequate remedy by appeal. *State ex rel. Director of Revenue v. Mobley*, 49 S.W.3d 178, 179 (Mo. banc 2001). This case falls into the second category.

The Director's petition is based on a claim that the circuit court exceeded its jurisdiction when it granted Mr. Mense's petition for limited hardship driving privileges based on section 302.309.3(7)(b) RSMo (Supp.2005). The Director may not issue a license to anyone who has been convicted of DWI twice in a five-year period. Section 302.060(10) RSMo (Supp. 2005). Section 302.309 sets out the circumstances under which the court or the Director may grant limited driving privileges.

Section 302.309.3(5) begins:

(5) Except as provided in subdivision (7) of this subsection, no person is eligible to receive a limited driving privilege who at the time of application for a limited driving privilege has previously been granted such a privilege within the immediately preceding five years....

Section 302.309.3(7)(b) provides, in part:

(b) Provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited driving privilege or convicted of involuntary manslaughter while operating a motor vehicle in an intoxicated condition, a circuit court or the director may, in the manner prescribed in this subsection, allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of five years because of two convictions of driving while intoxicated, as prescribed in subdivision (10) of section 302.060, to apply for a limited driving privilege pursuant to this subsection if such person has served at least two years of such disqualification or revocation.

After the 1996 amendment to section 302.309.3(5), a "person subject to a ... denial may be eligible for limited driving privileges, but not if that person is 'otherwise ineligible' for reasons listed in sec.

302.309.3(5)...." *Hagan v. Director of Revenue,* 968 S.W.2d 704, 707 (Mo. banc 1998). Mr. Mense is "otherwise ineligible" for limited driving privileges as that term is used in section 302.309.3(7)(b) because he was granted a limited driving privilege on August 27, 2002, within the immediately preceding five years prescribed by section 302.309.3(5).

Respondent claims that Mr. Mense was entitled to administrative "credit" for the time served under his administrative license action pursuant to section 302.524.4 RSMo (Supp.2005). Respondent argues that because Mr. Mense has served two years of his suspension "after receiving the credit under section 302.525.4," the prohibition against the limited driving privileges under section 302.309.3(5) does not apply.

Section 302.525.4 RSMo (Supp.2005) does not entitle Mr. Mense to "credit" for the time he served under his administrative license action. Section 302.525.4 provides:

4. Where a license is suspended or revoked under this section and the person is also convicted on charges arising out of the same occurrence for a violation of section 577.010 or 577.012, RSMo, or for a violation of any county or municipal ordinance prohibiting driving while intoxicated or alcohol-related traffic offense, both the suspension or revocation under this section and any other suspension or revocation arising from such convictions shall be imposed, but the period of suspension or revocation under sections 302.500 to 302.540 shall be credited against any other suspension or revocation arising from such convictions, and the total period of suspension or revocation shall not exceed the longer of the two suspension or revocation periods.

This section allows time to be credited against a suspension or revocation resulting from a conviction for driving while intoxicated or an alcohol-related offense. It does not provide for a time credit against a license denial imposed under section 302.060(10) RSMo (Supp.2005). Section 302.060(10) expressly provides that the denial shall run from the date of conviction of the second DWI offense.

Mr. Mense had his license revoked after two DWIs. He had been granted a limited driving privilege within the immediately preceding five years. Mr. Mense is barred from driving privileges pursuant to sections 302.060(10) and 302.309.3(5). The circuit court has no discretion in this matter.

*Conclusion*

The circuit court acted in excess of its jurisdiction when it ordered the Director to give Mr. Mense limited driving privileges. The preliminary writ of prohibition is made permanent.

PATRICIA L. COHEN and ROY L. RICHTER, JJ., concur.