295 S.W.3d 918 (2009)
STATE ex rel. DIRECTOR OF REVENUE, STATE of Missouri, Relator,
v.
The Honorable Troy K. HYDE, Judge of the Circuit Court of Washington County, Missouri, 24th Judicial Circuit, Respondent.
No. ED 93679.
Missouri Court of Appeals, Eastern District, Writ Division Three.
November 3, 2009.
*919 James A. Chenault, III, Jefferson City, MO, for Relator.
Michael P. Kelly, Potosi, MO, for Respondent.
ROBERT G. DOWD, JR., Presiding Judge.
The Director of Revenue ("the Director") filed a Petition for Writ of Prohibition, seeking to prohibit the Honorable Troy K. Hyde ("Respondent") from leaving his order granting David Allen Leuchtmann's ("Mr. Leuchtmann") petition for limited driving privileges in effect and from taking any action other than to dismiss Mr. Leuchtmann's petition. The Director contends Respondent lacks subject matter jurisdiction to grant Mr. Leuchtmann limited driving privileges because Mr. Leuchtmann is ineligible for such privileges due to his felony driving while intoxicated conviction and his having been revoked more than once for violating the implied consent law. We previously issued a Preliminary Order in Prohibition. In accordance with Rule 84.24, we dispense with further briefing and oral argument. Because the trial court lacked the authority to take any action other than to dismiss the Petition, the Preliminary Order in Prohibition is made absolute.
On March 19, 2002, Mr. Leuchtmann was assessed a "10 year minimum denial" of his driving privileges under Section 302.060(9), RSMo Cum.Supp.2007[1], as a result of his felony conviction for driving while intoxicated. On May 28, 2008, Mr. Leuchtmann filed a petition for limited driving privileges. The Director subsequently filed a motion to dismiss Mr. Leuchtmann's petition. On August 5, 2009, Respondent entered a judgment and order granting Mr. Leuchtmann's petition for limited driving privileges.
After reviewing the Director's Petition for Writ of Prohibition and Suggestions in Support and all exhibits provided, this Court issued a Preliminary Order in Prohibition[2].
Our power to issue remedial writs derives from Article V, Section 4.1 of the Missouri Constitution. State ex rel. Dir. of Revenue v. Kinker, 209 S.W.3d 1, 2 (Mo. App. E.D.2006). Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction. State ex rel. Ford Motor Co. v. Nixon, 219 S.W.3d 846, 849 (Mo.App. W.D.2007). We have issued writs of prohibition in situations that generally fall within one of three categories: 1) where there is an usurpation of judicial power because the trial court lacks personal or subject matter jurisdiction; 2) where there exists a clear excess of jurisdiction or an abuse of discretion such that the lower court lacks the power to act as contemplated; or 3) where there is no adequate remedy by appeal. Kinker, 209 S.W.3d at 2. This case falls into the second category.
A court lacks subject matter jurisdiction to grant limited driving privileges to one who is statutorily ineligible for such *920 privileges. State ex rel. Director of Revenue v. Mobley, 49 S.W.3d 178, 180 (Mo. banc 2001).[3]
Section 302.309 sets forth the requirements the court must follow in hearing applications and making eligibility determinations granting limited driving privileges. Section 302.309.3(6) provides, in pertinent part, "[n]othing in this section shall prohibit the issuance of a limited driving privilege for the purpose of operating a noncommercial motor vehicle provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited driving privilege."
Section 302.309.3(5)(b) provides, in pertinent part "... no person is eligible to receive a limited driving privilege [if] at the time of application for a limited driving privilege ... [his or her] license has been suspended or revoked for the following reasons ... [a] conviction of any felony in the commission of which a motor vehicle was used." Further, Section 302.309.3(5)(f) provides, in pertinent part "... no person is eligible to receive a limited driving privilege [if] at the time of application for a limited driving privilege... [his or her] license has been suspended or revoked for the following reasons... [v]iolation more than once of the provisions of [S]ection 577.041, RSMo, or a similar implied consent law of any other state."
The case before us is similar to Conrad v. Director of Revenue, 20 S.W.3d 607 (Mo.App. E.D.2000) and Williams v. Director of Revenue, 69 S.W.3d 919 (Mo.App. E.D.2002).
In Conrad, the driver filed a petition for limited driving privileges pursuant to Section 302.309 in order to drive for employment, claiming that he had served five years of his ten-year denial without any convictions for offenses related to alcohol, substance abuse, or drugs. 20 S.W.3d at 608. The director filed an answer asserting Conrad was ineligible for limited driving privileges under Section 302.309.3(5)(b) because he had a conviction for a felony in which a motor vehicle was involved. Id. The trial court granted Conrad limited driving privileges, which we reversed because the trial court lacked subject matter jurisdiction to grant such privileges as Conrad was statutorily ineligible. Id.
In Williams, the driver's driving record reflected two chemical refusal revocations. 69 S.W.3d at 922. Therefore, he was "otherwise ineligible" for limited driving privileges under Section 302.309.3(6). This court held the driver was statutorily ineligible to receive limited driving privileges, the circuit court lacked subject matter jurisdiction to grant such privileges and it should not have taken any action other than to exercise its power to dismiss the driver's petition. Id.
In this case, Mr. Leuchtmann was convicted of the felony of driving while intoxicated on September 18, 2001 and his license was suspended for ten years for that violation. Thus, Mr. Leuchtmann is not eligible to receive limited driving privileges under Section 302.309.3(5)(b). Similarly, the record shows Mr. Leuchtmann's license was revoked more than once for violating the implied consent law by refusing to submit to chemical tests so Mr. Leuchtmann is also not eligible to receive limited driving privileges under Section 302.309.3(5)(f).
*921 As a result, according to Section 302.309.3(6), Mr. Leuchtmann cannot be granted limited driving privileges because he is otherwise ineligible for a limited driving privilege. Thus, the court was prohibited by statute and did not have authority to grant Mr. Leuchtmann's petition for limited driving privileges.
The Preliminary Order in Prohibition is hereby made absolute. Respondent is prohibited from taking any further action on Mr. Leuchtmann's Petition, other than to dismiss the Petition.
CLIFFORD H. AHRENS, J., and MARY K. HOFF, J., concur.
NOTES
[1] All further statutory references are to RSMo Cum.Supp.2007 unless otherwise indicated.
[2] Despite being directed to do so, Respondent has not filed an answer or suggestions in opposition, and is, therefore, in default.
[3] Prior judicial opinions have often characterized the circuit court's inability to grant limited driving privileges as a lack of subject matter jurisdiction. In reality, the circuit court does not lack subject matter jurisdiction over the petition, but lacks the authority to review the petition as a result of statutory limitations imposed by the legislature. See J.C.W. ex rel Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009).