

# In the Missouri Court of Appeals
# Eastern District

### SPECIAL DIVISION

| | | |
|---|---|---|
| RONALD GRECO, | ) | No. ED111549 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | Cause No. 20JE-CC00202 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable Katherine M. Hardy-Senkel |
| | ) | |
| appellant. | ) | Filed: October 24, 2023 |

The Director of Revenue for the State of Missouri appeals from the judgment ordering the Director to expunge the permanent denial of Ronald Greco's driving privileges. The judgment is reversed and the cause is remanded.

### Background

Greco was convicted of driving while intoxicated in October 1991, February 1997, January 1998, and November 2002. Following these convictions, the Director denied Greco's driving privileges as required by § 302.060.1(9), RSMo 2016.[1] Greco petitioned the circuit court to reinstate his driving privileges after ten years as allowed by § 302.060.1(9). The circuit court reinstated his driving privileges in March 2013.

---

[1] All statutory references herein are to RSMo 2016, as updated.

In February 2020, Greco was convicted again of driving while intoxicated. The Director notified Greco that in March 2020 his driving privileges would be revoked permanently. Greco filed an application for review of the Director's decision in the circuit court. The circuit court entered a judgment ordering the Director to expunge the permanent denial of driving privileges from Greco's driving record. The Director appeals.

## Standard of Review

The resolution of this appeal depends upon the interpretation of § 302.060.1(9). The interpretation of a statute is reviewed *de novo*. *Wilmoth v. Dir. of Revenue*, 669 S.W.3d 102, 108 (Mo. banc 2023). "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Black River Motel, LLC v. Patriots Bank*, 669 S.W.3d 116, 122 (Mo. banc 2023) (quoting *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014)).

## Analysis

The Director claims the circuit court's judgment ordering the Director to expunge Greco's permanent denial of driving privileges violated § 302.060.1(9). Section 302.060.1(9) requires the Director to "immediately deny any driving privilege" to anyone convicted of a driving while intoxicated offense more than twice. A person may seek reinstatement of driving privileges after ten years when specific conditions are met.[2] Section 302.060.1(9). However, "[n]o person may obtain a license pursuant to the provisions of this subdivision through court action more than one time …." *Id*. In other words, the plain language of § 302.060.1(9) prevents any driver from obtaining a second reinstatement of driving privileges.

---

[2] Section 306.020.1(9) prevents the reinstatement of driving privileges to individuals who have been convicted within ten years of an offense related to alcohol, controlled substances, or drugs, and pose a threat to public safety.

Here, Greco's February 2020 conviction was his fifth conviction for driving while intoxicated. Accordingly, the plain language of § 302.060.1(9) required the Director to deny Greco's driving privileges. The Director's denial of Greco's driving privileges complied with the plain language of the statute.

Further, the Director followed the statute's requirements by permanently denying Greco's driving privileges because Greco already availed himself of the one-time reprieve in § 302.060.1(9). A driver may not seek any sort of reinstated driving privileges under either § 302.060.1(9) or § 302.309.3(6)(b),[3] if driving privileges were reinstated under § 302.060.1(9) and the driver subsequently is convicted of another alcohol-related driving offense. *State ex rel. Dir. of Revenue v. Mobley*, 49 S.W.3d 178, 180 (Mo. banc 2001). "Any person who is denied a license permanently in this state because of an alcohol-related conviction subsequent to a restoration of such person's driving privileges pursuant to [§ 302.060.1(9)] shall not be eligible for limited driving privilege pursuant to the provisions of this subdivision." Section 302.309.3(8)(b).

The Director properly followed § 302.060.1(9)'s plain language and permanently denied Greco's driving privileges. The circuit court erred in ordering the Director to expunge the permanent denial.

## Conclusion

The circuit court erred in ordering the Director to expunge the permanent denial of Greco's driving privileges. The judgment is reversed and the cause remanded with instructions to deny Greco's petition.

---

[3] Section 302.309.3(6)(b) limits the circumstances wherein drivers may seek limited driving privileges following a suspension or revocation of their driving privileges.

_____
John P. Torbitzky, P.J.

Renee Hardin-Tammons, J., and
Roy L. Richter, S.J., concur.

4