**Kenneth Carl ZITZMAN, Appellant,**

v.

**Janette LOHMAN, Director of Revenue, Respondent.**

**No. 67521.**

Missouri Court of Appeals, Eastern District, Division One.

March 5, 1996.

Nancy Narrow Gaultney, Perryville, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General and James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Respondent.

KAROHL, Judge.

Petitioner, driver's licensee, appeals from a judgment denying limited driving privileges. The trial court found licensee was ineligible and dismissed the case. The sole issue before this court is whether the licensee is eligible for a limited driving privilege under § 302.309.3(6) RSMo 1994.[1] If the provisions of § 302.309.3(6) are exclusive of § 302.309.3(5) then he is eligible. We find the limitations in subsection .3(5) are independent and not applicable to a request for limited driving privileges offered in .3(6). We reverse and remand.

The facts derived from the pleadings are taken as true. On January 3, 1989, licensee's driving privileges were cancelled for ten years due to alcohol related driving convictions. On two previous occasions he refused to submit to a chemical test, once in 1984, and a second time in 1988. He is ineligible for limited driving privileges under subsection .3(5).

---

1. All further statutory citations will be to RSMo 1994, unless otherwise noted.

**618**

Licensee interprets the restrictions on obtaining a hardship driving privilege for a five or ten year revocation contained in § 302.309.3(6) as unaffected by the requirements in § 302.309.3(5). The Director of Revenue obtained a dismissal on the contention licensee is ineligible for a .3(6) hardship driving privilege as a result of the two refusals to submit to a chemical test as provided in § 302.309.3(5)(g).

Statutory construction is a matter of law, not fact. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 350 (Mo.App.1980). The opening paragraph of subdivision (5) provides: "Except as provided in subdivision (6) of this subsection, no person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons ... (g) Who has violated more than once the provisions of section 577.041 RSMo, or a similar implied consent law of any other state." By express language the provisions of .3(6) are an exception to the provisions of subdivision .3(5). Subdivision .3(5) applies to applicants who seek limited relief from suspensions and revocations of a term other than ten or five years. Subdivisions .3(6)(a) and (b) apply only to ten and five year revocations, respectively. Therefore, licensee is not ineligible for relief offered in .3(6) because of any provisions contained in .3(5).

Licensee may not be entitled to a limited driving privilege under .3(6). We hold, as a matter of law, he is not ineligible. We do not reach and do not decide the merits. Nor do we reach or decide a matter not reached by the trial court, eligibility under .3(6).

Dismissal judgment is reversed. We remand the case for consideration of the licensee's petition under § 302.309.3(6).

REINHARD, P.J., and CRANDALL, J., concur.