**Mark A. SANDERS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 74384.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 25, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Ronald J. Brockmeyer, St. Charles, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue ("Director"), appeals the judgment of the Circuit Court of St. Charles County granting respondent,[1] Mark A. Sanders ("driver"), limited driving privileges under RSMo section 302.309.3(6).[2] We reverse.

---

1. We note at the outset that this court's records indicate respondent never filed a respondent's brief in this case, despite the granting of respondent's motion for an extension of time to file respondent's brief.

2. All statutory references are to RSMo (Cum. Supp.1997) unless otherwise noted.

On August 11, 1992, Director issued a ten-year denial of driver's driving privilege because of multiple convictions for driving while intoxicated. On August 1, 1997, driver appealed Director's denial of his request for a limited driving privilege and requested that the circuit court order Director to issue a limited driving privilege to him. When driver filed said appeal, Director had twice revoked driver's driving privilege—on September 6, 1991 and on May 24, 1984—for violating RSMo section 577.041 by refusing to take a chemical test. On April 2, 1998, the circuit court issued a judgment granting driver a limited driving privilege. Director appeals from that decision.

In Director's sole point relied on, Director argues that the circuit court did not have subject matter jurisdiction to grant driver a limited driving privilege under RSMo section 302.309.3(6)(a), because he was otherwise ineligible for a limited driving privilege under RSMo section 302.309.3(5)(f) and *Hagan v. Director of Revenue*, 968 S.W.2d 704 (Mo.banc 1998), in that driver had more than once violated RSMo section 577.041 by refusing a chemical test. We agree with Director.

 The trial court's decision will be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). A circuit court does not have jurisdiction to grant limited driving privileges to a person who is statutorily ineligible to receive them. *Richard v. Director of Revenue*, 869 S.W.2d 913, 914 (Mo.App. E.D.1994). If the circuit court lacks subject matter jurisdiction, it "may take no action other than to exercise its power to dismiss the action." *Beach v. Director of Revenue*, 934 S.W.2d 315, 318 (Mo.App. W.D.1996). "Any other action taken by a court lacking subject matter jurisdiction is null and void." *Id.*

In pertinent part, RSMo section 302.309.3(5) states:

Except as provided in subdivision (6) of this subsection, no person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

. . . .

(f) Violation more than once of the provisions of section 577.041, RSMo, or a similar implied consent law of any other state[.]

Additionally, RSMo section 302.309.3(6)(a), as amended in 1996, provides in pertinent part:

*Provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited driving privilege,* a circuit court or the director may, in the manner prescribed in this subsection, allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of ten years, as prescribed in subdivision (9) of section 302.060, to apply for limited driving privileges pursuant to this subsection if such person has served at least three years of such disqualification or revocation . . . .

(Emphasized language was added by the 1996 amendment.)

In *Hagan*, Director had issued a ten-year denial of driving privileges to Hagan for multiple convictions of driving while intoxicated. *Id.* at 705. One of those convictions resulted from Hagan's guilty plea to a felony charge of driving while intoxicated. *Id.* Subsequently, Hagan applied for a hardship driving privilege under RSMo section 302.309.3(6)(a). *Id.* The trial court granted a limited hardship driving privilege to Hagan and Director appealed to the Missouri Court of Appeals, Western District. *Id.* After the latter court issued its opinion, the Missouri Supreme Court granted transfer. *Id.*

In *Hagan*, the Missouri Supreme Court interpreted RSMo section 302.309.3(6)(a) to mean that "an applicant is only eligible for a hardship license if: (1) [s/he] was

ineligible to obtain an operator's license for ten years pursuant to [RSMo] section 302.060(9); (2) [s/he] had served three years of the ineligibility; and (3) [s/he] was not 'otherwise ineligible for a limited hardship driving privilege' under 'this section' which includes [RSMo] subsection [302.309].3(5)." *Hagan*, 968 S.W.2d at 706.

In reversing the circuit court, the Supreme Court explained that Hagan could have qualified under RSMo section 302.309.3(6)(a) if the only reason for his ineligibility for hardship driving privileges was his ten-year revocation. *Id.* at 706. The court further noted, however, that Hagan was also ineligible because of his felony conviction involving the use of a motor vehicle, which is a basis for ineligibility under RSMo section 302.309.3(5)(b). *Id.* The court concluded Hagan did not satisfy the third requirement and thus the trial court erred in granting Hagan hardship driving privileges. *Id.*

■ In our case, driver, like Hagan, could qualify under RSMo section 302.309.3(6)(a) if the only reason for his ineligibility for hardship driving privileges was his ten-year revocation. However, like Hagan, driver was also ineligible for hardship driving privileges on a basis other than the ten-year revocation. In particular, driver was "otherwise ineligible" due to the fact that driver had more than once violated RSMo section 577.041 by refusing to take a chemical test, which is a basis for ineligibility under RSMo section 302.309.3(5)(f.). Therefore, like Hagan, driver did not meet the third requirement. Thus, the trial court erred in granting driver the hardship driving privileges.

In further support of our conclusion, we note in *Hagan*, that the court found that the 1996 amendment to RSMo section 302.309.3(6)(a) effectively undid the holding of *Zitzman v. Lohman*, 917 S.W.2d 617 (Mo.App. E.D.1996). *Hagan*, 968 S.W.2d at 707. *Zitzman*, like the case at bar, also involved a driver who was ineligible for a license for ten years due to earlier intoxicated driving related offenses and because

he had twice refused to take a chemical test. *Id.* at 617. *Zitzman*, which was decided before the 1996 amendment to RSMo section 302.309.3(6)(a), found that a "licensee is not ineligible for relief offered in [RSMo section 302.309].3(6) because of any provisions contained in [RSMo section 302.309].3(5)." *Id.* at 618. However, the Missouri Supreme Court found in Hagan that the "effect of the 1996 amendment [to RSMo section 302.309.3(6)(a) ] was to undo the holding of *Zitzman.*" *Hagan*, 968 S.W.2d at 707. As the Missouri Supreme Court found, "[a]fter the amendment, a person subject to a ten-year denial may be eligible for limited driving privileges, but not if that person is 'otherwise ineligible' for reasons listed in [RSMo section] 302.309.3(5). . . ." *Id.*

In conclusion, as driver had twice previously refused to take a chemical test in violation of RSMo section 577.041, he was "otherwise ineligible for a limited driving privilege" under RSMo section 302.309.3(6)(a). Accordingly, because driver was statutorily ineligible to receive hardship driving privileges, the circuit court lacked jurisdiction to grant such privileges. Thus, as the circuit court lacked subject matter jurisdiction, it may not have taken any other action than to exercise its power to dismiss this action. Therefore, the trial court's granting of hardship driving privileges, under the circumstances at bar, is null and void.

Based on the foregoing, the judgment of the trial court is reversed.

HOFF, P.J., and RHODES RUSSELL, J., concur.