David John MANSHEIM, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. ED 96624.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 24, 2012.

274

Chastidy R. Dillon–Amelung, Clayton, MO, for appellant.

David J. Mansheim, Parkersburg, IA, pro se.

PATRICIA L. COHEN, Judge.

### Introduction

The Director of Revenue appeals the trial court's judgment granting David Mansheim (Driver) limited driving privileges. The Director contends that, under Section 302.309.3(6)(d),[1] Driver was statutorily ineligible for limited driving privileges because his license had been revoked for leaving the scene of an accident. We reverse.

### Factual and Procedural Background

In 1998, the Director suspended or revoked Driver's license three times for repeated alcohol-related driving violations. On February 25, 2002, Driver was convicted of driving while intoxicated (DWI), driving while revoked, and improper lane violations. On March 1, 2002, Driver was convicted of DWI, leaving the scene of an accident, and careless and imprudent driving. Driver accumulated twenty-six points

---

1. All statutory references are to RSMo 2000 and Cum.Supp.2010 unless otherwise indicated.

for these offenses, and the Director issued a "point revocation"[2] effective April 17, 2002.[3] On April 17, 2002, the Director assessed a ten-year denial of Driver's driving privilege, pursuant to Section 302.060(9),[4] as a result of Driver having more than two convictions for DWI.

On December 8, 2010, Driver filed a petition in the Circuit Court of St. Louis County seeking limited driving privileges pursuant to Section 302.309. In his petition, Driver averred that his "license was denied effective April 17, 2002, by the Director of Revenue, for obtaining three (3) alcohol-related traffic violations." Driver further alleged that he is currently a resident of Iowa and, as a result of his license denial in Missouri, is unable to obtain an Iowa driver's license. Driver claimed he required a driver's license "in order to gain employment, be able to attend doctor's appointments, and to support himself and his family."

In response, the Director filed a motion to dismiss Driver's petition, arguing that the trial court lacked authority to grant Driver limited driving privileges because Driver was statutorily ineligible for such privileges.[5] Specifically, the Director alleged that, pursuant to Sections 302.309.3(6)(c)–(d), Driver was ineligible for limited driving privileges because he had been convicted of leaving the scene of an accident and was a "habitual drunkard."

On January 24, 2011, Commissioner Mary Greaves held a hearing on Driver's petition and the Director's motion to dismiss. At the hearing, counsel for the Director argued for dismissal on the grounds that Driver was ineligible for limited driving privileges under Section 302.309.3(6)(d) because he had been convicted of leaving the scene of an accident. Driver's counsel argued that Section 302.309.3(6)(d) only precludes eligibility for driving privileges if a driver is "applying

---

2. Under Section 302.304.7, the "director shall revoke the license and driving privilege of any person when the person's driving record shows such person has accumulated twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months." Mo.Rev.Stat. § 302.304.7.

3. Driver's Missouri driver record indicates that this point revocation became effective on April 17, 2002 and "eligible to reinstate" on the same date. The reinstatement date appears to be typographical error as the Director's other actions against Driver's license, with the exception of the ten-year denial, show reinstatement dates exactly one year after their effective dates.

4. Section 302.060(9), now codified at Section 302.060.1(9), provides that the Director shall immediately deny driving privileges to:

> To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the defendant was represented by or waived the right to an attorney in writing, relating to

driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. . . .

Mo.Rev.Stat. 302.060.1(9).

5. In her motion to dismiss, the Director claimed the trial court lacked subject matter jurisdiction to grant Driver limited driving privileges. Although prior judicial opinions have characterized the circuit court's inability to grant limited driving privileges in jurisdictional terms, the circuit court does not lack subject matter jurisdiction over the petition, but rather lacks the authority to review the petition as a result of statutory limitations imposed by the legislature. *State ex rel. Dir. of Revenue v. Hyde*, 295 S.W.3d 918, 920 n. 3 (Mo.App. E.D.2009) (*citing J.C.W. ex rel Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)).

for limited driving privileges during [his] revocation or suspension time for leaving the scene of an accident.…" The Commissioner denied the Director's motion to dismiss, heard evidence on the Driver's petition, and "[took] the matter as heard and submitted." On March 7, 2011, the trial court adopted the findings and recommendations of the Commissioner and entered its judgment granting Driver limited driving privileges. The Director appeals.[6]

## Standard of Review

We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010) (*citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). We view the evidence in the light most favorable to the trial court's judgment. *Harris v. Dir. of Revenue*, 132 S.W.3d 897, 899 (Mo.App. S.D.2004).

## Discussion

In her sole point on appeal, the Director claims the trial court acted in excess of its authority when it granted Driver's petition for limited driving privileges. More specifically, the Director contends that Driver was statutorily ineligible for limited driving privileges under Section 302.309.3(6)(d) because his license had been revoked for leaving the scene of an accident and, as a result, the trial court had no authority to grant such privileges.

■ The Director may not issue a license to anyone who has been convicted of more than two DWIs. Mo.Rev.Stat. § 302.060.1(9). Section 302.309.3 provides that, under certain circumstances, a circuit court or the Director may grant limited driving privileges. Mo.Rev.Stat. 302.309.3; *State ex rel. Dir. of Revenue v. Kinker*, 209 S.W.3d 1, 2 (Mo.App. E.D.2006). Under this statute, a driver is permitted to petition for limited driving privileges if: (1) he is ineligible to obtain a driver's license for ten years pursuant to Section 302.060(9); (2) he has served three years of the ineligibility period without conviction for any drug– or alcohol-related offense; and (3) he is not otherwise ineligible for limited driving privileges under Section 302.309.3. Mo.Rev.Stat. § 302.309.3(8)(a); *State ex rel. Dir. of Revenue v. Ash*, 173 S.W.3d 388, 389 (Mo.App. E.D.2005). Section 302.309.3(6) sets forth the acts that make a petitioner "otherwise ineligible," stating, in pertinent part: "[N]o person is eligible to receive a limited driving privilege … whose license has been suspended or revoked for … having left the scene of an accident as provided in section 577.060.…" Mo.Rev.Stat. § 302.309.3(6)(d).

■ A trial court acts in excess of its authority when it grants limited driving privileges to one who is statutorily ineligible to receive them. *State ex rel. Dir. of Revenue v. Mobley*, 49 S.W.3d 178, 180 (Mo. banc 2001); *State ex rel. Dir. of Revenue v. Hyde*, 295 S.W.3d 918, 919–20 (Mo.App. E.D.2009). Here, Driver's Missouri driver record indicates that, on March 1, 2002, Driver was convicted of leaving the scene of an accident, DWI, and careless and imprudent driving. As a result of these three offenses, Driver incurred twenty-six points and the Director revoked Driver's license. In addition, the Director issued a ten-year denial of privi-

---

6. Driver did not file a responsive brief in this matter. "While there is no penalty for that omission, it requires this court to adjudicate an appellant's claims of error without the benefit of whatever argument, if any, the respondent could have made in response." *White v. Dir. of Revenue*, 255 S.W.3d 571, 576 n. 4 (Mo.App. S.D.2008) (quotation omitted).

leges under Section 302.060(9) because Driver had more than two DWIs. Driver is "otherwise ineligible" for limited driving privileges because, in addition to the ten-year denial of driving privileges, Driver's license was revoked or suspended for leaving the scene of an accident. *See, e.g., Hagan v. Dir. of Revenue,* 968 S.W.2d 704, 706 (Mo. banc 1998). We therefore conclude that the trial court lacked authority to grant Driver driving privileges, and it should have dismissed Driver's petition.[7] *See, e.g., Ash,* 173 S.W.3d at 390.

During the hearing before the Commissioner, Driver's counsel argued that, under the Director's reading of Section 302.309.3(6)(d), "if you've ever had a conviction for leaving the scene of an accident, you're never allowed to then get a limited driving privilege. And those words are not used in the statute." The Missouri Supreme Court rejected a similar argument in *Hagan v. Director of Revenue,* 968 S.W.2d 704 (Mo. banc 1998). There, the director argued that the driver was statutorily ineligible for hardship driving privileges due to a felony conviction involving the use of a motor vehicle. *Hagan,* 968 S.W.2d at 706. In response, the driver argued, *inter alia:* "[T]he legislature could not have intended the unreasonable and inequitable result that persons convicted of a felony involving use of a motor vehicle would be rendered ineligible for limited hardship driving privileges, no matter how remote in time the conviction." *Id.* The Court held that the driver's argument "is one of policy that has been determined by the legislature" and "[n]o rule of construction permits the court to read time limitations in a statute that are not there." *Id.* Point granted.

### Conclusion

The trial court's order granting limited driving privileges is reversed.

KURT S. ODENWALD, C.J., and ROBERT M. CLAYTON III, J., concur.

---

7. In reaching this decision, we are mindful that Section 302.309 is a remedial statute, which was "enacted for the protection of life and property and in the interest of public welfare" and is to be "interpreted in order to accomplish the greatest public good." *Hagan,* 968 S.W.2d at 706. The purpose of Section 302.309.3 is "to protect the public from those drivers who present a greater risk, not to protect Driver's interest in driving." *Harris,* 132 S.W.3d at 902 (quotation omitted). "If anything, the greater public good is served by liberally interpreting the hardship driving privilege statute in favor of keeping multiple offenders off the road." *Hagan,* 968 S.W.2d at 706.