**Mitchell MILLS, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. ED 99404.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 20, 2013.

Tim Pudlowski, Hammon Law Firm, Hillsboro, MO, for appellant.

Chris Koster, Rachel Jones, Jefferson City, MO, for respondent.

ROY L. RICHTER, Judge.

Mitchell Mills ("Appellant"), appeals from the trial court's judgment sustaining the Director of the Missouri Department of Revenue's ("Director") Motion to Dismiss Appellant's Petition for Limited Driving Privilege under Section 302.309.3.[1] We affirm.

## I. BACKGROUND

The facts of this case are not in dispute. On August 27, 2009, the Missouri Department of Revenue ("DOR") issued Appellant a ten-year minimum denial of his driver's license for accumulating multiple convictions for driving while intoxicated. As indicated on Appellant's driver's record and specifically at issue in this case, Appellant had twice violated Section 577.041 (chemical refusal revocations), the first on November 15, 1994, and then on April 10, 2010.

After serving more than three years of his ten-year license denial, on September 4, 2012, Appellant filed a Petition for Limited Driving Privilege in the Circuit Court of Washington County, requesting the trial court grant him a limited driving privilege under Section 302.309.3. Director, thereafter, filed a Motion to Dismiss asserting

---

1.  Unless otherwise indicated, all statutory references are to RSMo Cum.Supp.2012.

that the trial court lacked jurisdiction[2] to grant a limited driving privilege to Appellant because he was ineligible as he had twice violated the provisions of Section 577.041. After a hearing, the trial court, on December 7, 2012, issued a judgment sustaining Director's Motion to Dismiss.

This appeal now follows.

## II. DISCUSSION

Appellant raises two points on appeal. As indicated by each point, the determinative issue is whether Appellant is eligible for a limited driving privilege under Section 302.309.3.

In his first point, Appellant claims that the trial court erred in dismissing his Petition for Limited Driving Privilege, in that the plain and unambiguous language, in addition to the legislative intent, of Section 302.309.3 required the trial court find him eligible for a limited driving privilege. Second, Appellant alleges that if Section 302.309 is deemed to be ambiguous, legislative intent supports his Petition, and, as such, the trial court should have deemed him eligible for a limited driving privilege. Finding it dispositive, we address only Appellant's first point.

### Standard of Review

The Court reviews a trial court's judgment granting a motion to dismiss *de novo*. *Stein v. Novus Equities Co.*, 284 S.W.3d

597, 601 (Mo.App. E.D.2009).[3] "[W]hen, as here, the facts of a case are uncontested and the resolution of the issue turns solely on the interpretation of pertinent statutes," a question as to the authority of the trial court to hear the petition is purely a question of law, which is also reviewed *de novo*. *George Weis Co. v. Stratum Design–Build, Inc.*, 227 S.W.3d 486, 489 (Mo. banc 2007).

### Analysis

Pursuant to Section 302.309.3, a circuit court or the director of the DOR, under certain prescribed circumstances, may grant limited driving privileges to a driver whose license has been suspended or revoked. *See* Section 302.309.3. While this statute has been interpreted by our Missouri courts many times, the Legislature's numerous revisions of the statute throughout the past two decades have led to confusion.

Specifically at issue in this case are two subsections of Section 302.309.3. First, subsection (6) prescribes the acts that make a petitioner ineligible to receive a limited driving privilege:

> 6) *Except as provided in subdivision (8) of this subsection,* no person is eligible to receive a limited driving privilege who at the time of application for a limited driving privilege has previously been granted such a privilege within the immediately preceding five years, or whose

---

**2.** While the Director, as a basis for his Motion to Dismiss, claimed the trial court lacked subject matter jurisdiction to grant Appellant limited driving privileges, the trial court did not, in fact, lack subject matter jurisdiction over the petition, "but rather lack[ed] the authority to review the petition as a result of statutory limitations imposed by the legislature." *Mansheim v. Dir. of Revenue*, 357 S.W.3d 273, 275 n. 5 (Mo.App. E.D.2012).

**3.** We note that both Appellant and Director incorrectly characterized the trial court's

judgment as that of a court-tried case. Thus, both litigants assert *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) as the applicable standard of review. However, this appeal arises from the trial court sustaining Director's Motion to Dismiss. *See e.g., State ex rel. Dir. of Revenue, State v. Hyde*, 295 S.W.3d 918, 919 (Mo.App. E.D.2009) (issuing a writ of prohibition because the trial court lacked the authority to take any action other than to dismiss the petition).

license has been suspended or revoked for the following reasons:

(a) A conviction of violating the provisions of section 577.010 or 577.012, or any similar provision of any federal or state law, or a municipal or county law where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing, until the person has completed the first thirty days of a suspension or revocation imposed pursuant to this chapter;

(b) A conviction of any felony in the commission of which a motor vehicle was used;

(c) Ineligibility for a license because of the provisions of subdivision (1), (2), (4), (5), (6), (7), (8), (9), (10) or (11) of section 302.060;

(d) Because of operating a motor vehicle under the influence of narcotic drugs, a controlled substance as defined in chapter 195, or having left the scene of an accident as provided in section 577.060;

(e) Due to a revocation for the first time for failure to submit to a chemical test pursuant to section 577.041 or due to a refusal to submit to a chemical test in any other state, if such person has not completed the first ninety days of such revocation;

(f) Violation more than once of the provisions of section 577.041 or a similar implied consent law of any other state; or

(g) Due to a suspension pursuant to subsection 2 of section 302.525 and who has not completed the first thirty days of such suspension, provided the person is not otherwise ineligible for a limited driving privilege; or due to a revocation pursuant to subsection 2 of section 302.525 if such person has not completed such revocation.

*See* Section 302.309.3(6) (emphasis added). Second, subsection (8) establishes the requirements a driver must satisfy in order to receive a limited driving privilege:

(8)(a) *Provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited driving privilege,* a circuit court or the director may, in the manner prescribed in this subsection, allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of ten years, as prescribed in subdivision (9) of subsection 1 of section 302.060, to apply for a limited driving privilege pursuant to this subsection if such person has served at least three years of such disqualification or revocation. Such person shall present evidence satisfactory to the court or the director that such person has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding three years and that the person's habits and conduct show that the person no longer poses a threat to the public safety of this state. The court or the director shall review the results of a criminal history check prior to granting any limited privilege under this subdivision. If the court or the director finds that the petitioner has been convicted, pled guilty to, or been found guilty of, or has a pending charge for any offense related to alcohol, controlled substances, or drugs, or has any other alcohol-related enforcement contact as defined in section 302.525 during the preceding three years, the court or the director shall not grant a limited driving privilege to the applicant.

(b) Provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited driving privilege or convicted of involuntary

manslaughter while operating a motor vehicle in an intoxicated condition, a circuit court or the director may, in the manner prescribed in this subsection, allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of five years because of two convictions of driving while intoxicated, as prescribed in subdivision (10) of subsection 1 of section 302.060, to apply for a limited driving privilege pursuant to this subsection if such person has served at least two years of such disqualification or revocation. Such person shall present evidence satisfactory to the court or the director that such person has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding two years and that the person's habits and conduct show that the person no longer poses a threat to the public safety of this state. The court or the director shall review the results of a criminal history check prior to granting any limited privilege under this subdivision. If the court or director finds that the petitioner has been convicted, pled guilty to, or been found guilty of, or has a pending charge for any offense related to alcohol, controlled substances, or drugs, or has any other alcohol-related enforcement contact as defined in section 302.525 during the preceding two years, the court or the director shall not grant a limited driving privilege to the applicant. Any person who is denied a license permanently in this state because of an alcohol-related conviction subsequent to a restoration of such person's driving privileges pursuant to subdivision (9) of section 302.060

shall not be eligible for limited driving privilege pursuant to the provisions of this subdivision.

*See* Section 302.309.3(8) (emphasis added). Accordingly, a driver is eligible for a limited driving privilege if: "(1) he is ineligible to obtain a driver's license for ten years pursuant to Section [302.060.1(9)]; (2) he has served three years of the ineligibility period without conviction for any drug—or alcohol-related offense; and (3) he is not otherwise ineligible for limited driving privileges under Section 302.309.3." *Mansheim*, 357 S.W.3d at 276; *see also* Section 302.309.3(8)(a).

Here, it is undisputed that Appellant has twice violated the provisions of Section 577.041 or similar implied consent laws,[4] thereby causing Appellant to become ineligible for a limited driving privilege pursuant to Section 302.309.3(6)(f). *See* Section 302.309.3(6)(f); *see e.g. Sanders v. Dir. of Revenue*, 998 S.W.2d 804, 806 (Mo.App. E.D.1999) ("as driver had twice previously refused to take a chemical test in violation of RSMo section 577.041, he was 'otherwise ineligible for a limited driving privilege' "); *Rider v. Dir. of Revenue, State of Mo.*, 5 S.W.3d 211, 213 (Mo.App. S.D.1999) ("Relying on *Hagan* [*v. Director of Revenue*, 968 S.W.2d 704 (Mo. banc 1998)] . . . we find that [Driver] was ineligible for a limited driving privilege under § 302.309.3(6)(a) [RSMo 1996] because of multiple violations of § 577.041."). However, Appellant contends that the prefatory phrase in Section 302.309.3(6)—"Except as provided in subdivision (8) of this subsection"—and the "otherwise ineligible" phrase in Section 302.309.3(8)(a) creates ambiguity that must be reconciled. Appellant, therefore, proposes that subdivision

---

4. Section 577.041 prescribes the rights a defendant-driver is entitled to before he or she must submit to chemical tests for blood-alcohol content or be deemed to have refused said tests. Appellant's driver record reflects two chemical refusal revocations: (1) November 15, 1994; and (2) April 10, 2010.

(8) must "trump" subdivision (6) and if an applicant is eligible for a limited driving privilege under subdivision (8), subdivision (6) should not apply or prevent said applicant from receiving a limited driving privilege.[5] Normally, while such an argument would logically lead to this Court's analyzing the ambiguity of the statute, or lack thereof, we need not perform such an analysis as this issue has already been conclusively disposed of by the Supreme Court of Missouri. *See City of Branson v. Hotels.com, LP,* 396 S.W.3d 378, 384 (Mo. App. S.D.2013) ("As an intermediate appellate court, this court is bound to follow the latest decision of our Supreme Court on this issue.") (citations and quotation marks omitted).

A case similar to, but not identical with, the instant case is *Hagan v. Director of Revenue,* 968 S.W.2d 704 (Mo. banc 1998). In that case, after four driving-while-intoxicated convictions, two driving-with-a-suspended-or-revoked-driver's-license convictions and a felony charge of driving while intoxicated, the Director of the Missouri Department of Revenue imposed a ten-year minimum denial pursuant to Section 302.060.1(9) upon Driver. *Id.* at 705. Before Driver's ten-year denial was completed, Driver petitioned the trial court for a hardship driving privilege under Section 302.309.3(6)(a), RSMo 1997. *Id.* The trial court granted a limited hardship driving privilege and the Director appealed. *Id.*

In disposing of the case, the Supreme Court of Missouri was called upon to interpret Section 302.309.3, RSMo 1997. *Id.* at 705–07. The 1997 statute read, in relevant part:

(5) Except as provided in subsection (6) of this subsection, no person is eligible

to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

. . . .

(b) A conviction of any felony in the commission of which a motor vehicle was used;

(c) Ineligibility for a license because of the provisions of subdivision (1), (2), (4), (5), (6), (7), (8), (9), (10) or (11) of section 302.0601;

. . . .

(f) Violation more than once of the provisions of Section 577.041, RSMo, or a similar implied consent law of any other state;

. . . .

(6)(a) Provided that pursuant to the provisions of this section, the applicant is not otherwise ineligible for a limited driving privilege, a circuit court or the director may, in the manner prescribed in this subsection, allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of ten years, as prescribed in subdivision (9) of section 302.060, to apply for limited driving privileges pursuant to this subsection if such person has served at least three years of such disqualification or revocation . . . .

*See* Section 302.309.3, RSMo 1997. In so interpreting the above referenced statute, the Supreme Court found that an applicant was only eligible for hardship license if: (1) the applicant was ineligible to obtain an operator's license for ten years pursuant to Section 302.060.1(9); (2) the applicant had served three years of the ineligibility; and (3) the applicant was not "otherwise ineli-

---

5. Appellant requests that this Court interpret Section 302.309.3(8)(a) as exclusive of, and an exception to the prohibitions of Section 302.309.3(6). If the provisions of Section 302.309.3(8)(a) are exclusive of Section 302.309.3(6), then Appellant would be eligible for a limited driving privilege.

gible for a limited hardship driving privilege" under "this section" which included subsection 302.309.3(5), RSMo 1997. *Id.* at 706. Accordingly, because Driver had a felony conviction involving the use of a motor vehicle (Section 302.309.3(5)(b), RSMo 1997), Driver could not satisfy the third requirement of Section 302.309.3(6)(a), RSMo 1997, and, thus, could not be granted a hardship driving privilege. *Id.* Therefore, the Supreme Court reversed the trial court's grant of a hardship license. *Id.* at 707.

Furthermore, in disposing of the case, the *Hagan* court abrogated *Zitzman v. Lohman,* 917 S.W.2d 617 (Mo.App. E.D. 1996):

> Finally, [Driver] argues that the controlling authority in this case is *Zitzman v. Lohman,* 917 S.W.2d 617 (Mo.App.1996). There a driver was ineligible for a license for ten years because of prior intoxicated driving related offenses and because he had refused to submit to chemical tests in 1984 and 1988, a separate basis for ineligibility for a hardship driving privilege. *See* sec. 302.309.3(5)(e). That case, decided before the 1996 amendment, determined that a "licensee is not ineligible for relief offered in .3(6) because of any provisions contained in .3(5)." *Zitzman,* 917 S.W.2d at 618.
>
> The effect of the 1996 amendment was to undo the holding of *Zitzman.* *After the amendment, a person subject to a ten-year denial may be eligible for limited driving privileges, but not if that person is "otherwise ineligible" for reasons listed in sec. 302.309.3(5),* including a conviction of a felony involving the use of a motor vehicle. [Driver] is subject to a ten-year denial *and* has been convicted of a felony involving the use of a motor vehicle. Because the felony conviction is an independent basis of ineligi-

bility for a hardship driving privilege, the trial court had no authority to grant [Driver] hardship driving privileges pursuant to sec. 302.309.3(6)(a).

*Id.* (emphasis added).

This Court finds *Hagan* answers—and refutes—Appellant's points relied on. Certainly, there have been numerous amendments to Section 302.309 over the years. Most notably and applicably, new subdivisions have been added to subsection 3. *Compare* Section 302.309.3, RSMo 1997 *with* Section 302.309.3, RSMo 2012. What was previously designated as—and interpreted by the *Hagan* court—as subdivisions (5) and (6) have now transitioned to subdivision (6) and (8), respectively. However, these amendments have not affected the interpretation of Section 302.309.3 as the relevant portions of the statute have not changed, and, as such, *Hagan* has conclusively decided this issue. *See e.g., Flipps Nine Inc. v. Mo. Prop. and Cas. Ins. Guar. Ass'n,* 941 S.W.2d 564, 568 (Mo. App. E.D.1997) ("While an amendment to a statute must be deemed to have been intended to accomplish some purpose, that purpose can be clarification rather than a change in existing law."). Therefore, like the drivers in *Hagan, Sanders,* and *Rider,* Appellant cannot satisfy the three requirements of Section 302.309.3(8)(a) because his two Section 577.041 violations have rendered him ineligible for a limited driving privilege pursuant to Section 302.309.3(6)(f). *See* Section 302.309.3(6)(f); *see also* Section 302.309.3(8)(a); *see e.g., Hagan,* 968 S.W.2d at 706; *Mansheim,* 357 S.W.3d at 276–77.

Apparently, recognizing *Hagan* is adverse to his positions, Appellant maintains *Hagan* was "incorrect." That contention is not cognizable in this Court, as this Court is constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri. *See* Mo.

Const. art. V, Section 2 ("The supreme court shall be the highest court in the state. Its jurisdiction shall be coextensive with the state. Its decisions shall be controlling in all other courts. . . ."). Thus, we are prohibited from entertaining arguments of such ilk.

### III.  CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

ROBERT G. DOWD, JR., P.J., and ANGELA T. QUIGLESS, J., concur.