

# Missouri Court of Appeals

## Southern District

### Division One

RANDALL A. NELSON,                    )
                                      )
    Petitioner-Appellant,             )
                                      )
v.                                    )          No. SD34264
                                      )
DIRECTOR OF REVENUE,                  )          **Filed:  Sept. 22, 2016**
                                      )
    Respondent-Respondent.            )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Matthew P. Hamner

**<u>AFFIRMED</u>**

The Director of Revenue ("the Director") revoked the driving privileges of

Randall A. Nelson ("Driver")[1] for ten years under section 302.060.1(9)[2] after Driver

received his third conviction for driving while intoxicated ("DWI").  Driver filed a

petition in the circuit court seeking limited driving privileges under section 302.309.3.

The Director filed a motion to dismiss Driver's petition on the ground that Driver was

---

[1] Portions of the record also refer to Driver as "Randall D. Nelson."

[2] The version of the statutes in effect when Driver filed his petition for review of his revocation on August 31, 2015, govern this case.  *See **State ex rel. Dir. of Revenue v. Mobley***, 49 S.W.3d 178, 180 (Mo. banc 2001).  Thus, unless otherwise noted, all statutory references are to RSMo Noncum. Supp. 2015.

ineligible for such relief under section 302.309.3(6)(b) because Driver had "a conviction for a felony the commission of which involved a motor vehicle."

The circuit court granted the Director's motion to dismiss, and Driver now appeals, claiming in a single point that he was eligible for limited driving privileges because "the actual triggering offense which resulted in the revocation of [his] driving privilege[s] was a misdemeanor." Finding no merit in this claim, we affirm the judgment of the circuit court.

## Standard of Review

We review a trial court's judgment sustaining a motion to dismiss *de novo*. **Mills v. Dir. of Revenue**, 407 S.W.3d 124, 125 (Mo. App. E.D. 2013). "When, as here, the facts of a case are uncontested and the resolution of the issue turns solely on the interpretation of pertinent statutes, a question as to the authority of the trial court to hear the petition is purely a question of law, which is also reviewed *de novo*." **Id.** (internal quotation and brackets omitted).

## Uncontested Facts and Procedural Background

Driver was convicted of misdemeanor DWI on December 3, 1997. On February 16, 2001, Driver was convicted of felony DWI and felony driving while revoked or suspended ("DWR"). Based upon the February 16th felony convictions, the Director issued a points revocation of Driver's license that remained in effect until May 9, 2001.[3]

On November 7, 2012, Driver was convicted of misdemeanor DWI. As this constituted Driver's third conviction for DWI, the Director imposed the ten-year suspension that prompted Driver's petition for limited driving privileges. Driver filed his

---

[3] Driver was assessed 12 points for each of his two February 16th felony convictions. Section 302.304.7, RSMo 2000, required the Director to "revoke the license and driving privilege of any person" who "has accumulated twelve points in twelve months . . . ."

2

"**PETITION TO REVIEW REVOCATION OF DRIVER'S LICENSE**" pursuant to section 302.060 on August 31, 2015. The Director responded with a motion to dismiss that claimed section 302.309.3(6)(b) prohibited the circuit court from granting Driver a limited driving privilege because he had been convicted of felony DWI in 2001. After holding a hearing on the motion, the circuit court dismissed Driver's petition,[4] and this appeal timely followed.

## Analysis

Driver argues that section 302.309.3(6)(b) does not bar him from obtaining limited driving privileges because "while [Driver] has previously been convicted of a felony in the commission of which a motor vehicle was used, the actual triggering offense which resulted in the revocation of [Driver]'s driving privilege was a misdemeanor." We disagree.

Two statutes govern the outcome of this appeal. Section 302.060 prohibits the Director from issuing licenses to people who fall within certain categories. *Mobley*, 49 S.W.3d at 179. "Section 302.309 . . . sets out the circumstances under which the Director may return a suspended or revoked license; the court or [the] Director may grant limited driving privileges." *Id.*

The Director must deny driving privileges to anyone who has been convicted of more than two DWI's. Section 302.060.1(9). During the ten-year denial period, a driver may petition for limited driving privileges if "he is not otherwise ineligible for limited driving privileges under Section 302.309.3." *Mills*, 407 S.W.3d at 127 (quoting

---

[4] The parties apparently treated Driver's motion as a petition for limited driving privileges pursuant to section 302.309.3.

*Mansheim v. Dir. of Revenue*, 357 S.W.3d 273, 276 (Mo. App. E.D. 2012)).[5] Section

302.309.3(6) lists several acts that make a driver "otherwise ineligible" for limited

driving privileges. As relevant here, any person "whose license at the time of application

has been suspended or revoked for . . . . [a] conviction of any felony in the commission of

which a motor vehicle was used" is "otherwise ineligible for a limited driving

privilege[.]" Sections 302.309.3(6)(b) and 302.309.3(8)(a).

Driver's case is similar to *Hagan v. Dir. of Revenue*, 968 S.W.2d 704 (Mo. banc

1998). In that case, Hagan had received a ten-year denial of his driving privileges for

accruing multiple DWI convictions, one of which was a felony. *Id.* at 705. Our supreme

court determined that because Hagan had violated section 302.309.3(5) (now numbered

302.309.3(6)(b)), he was held to be "otherwise ineligible" for a limited driving privilege

under section 302.309.3(6)(a) (now numbered 302.309.3(8)(a)).[6] *Id.* at 707. Hagan

argued (as Driver does here) that his felony DWI conviction should only bar a limited

driving privilege until the point revocation associated with his felony conviction had

lapsed. *Id.* at 706. The Court rejected this argument, found that the provisions of

---

[5] *Mills* also recites that a driver must have "served three years of the ineligibility period without conviction for any drug—or alcohol-related offense[.]" 407 S.W.3d at 127 (quoting *Mansheim*, 357 S.W.3d at 276). Effective July 5, 2013, this provision was removed from section 302.309.3(8)(a) and replaced with other requirements not applicable here. After the ten-year revocation has expired, the driver may petition for a license if he meets certain prerequisites and his conduct shows that he is no longer a threat to other members of the public. Section 302.060.1(9).

[6] There have been multiple amendments to section 302.309 since *Hagan* was decided. "Most notably and applicably, new subdivisions have been added to subsection 3. *Compare* Section 302.309.3, RSMo 1997 *with* Section 302.309.3, RSMo 2012. What was previously designated—and interpreted by the *Hagan* court—as subdivisions (5) and (6) have now transitioned to subdivision (6) and (8), respectively." *Mills*, 407 S.W.3d at 129. However, *Hagan*'s holding that persons who commit those acts listed in subdivision (6) of subsection 3 are not "otherwise eligible" for limited driving privileges under subdivision (8) is still applicable. *See id.* (analyzing section 302.309.3 through the lens of a driver whose conduct fell within subdivision (6)(f)). Indeed, section 302.309 has been amended once more from the 2012 version applied in *Mills*, but Driver does not argue that this latest round of statutory revisions affect the applicability of *Hagan* or its progeny to his case.

302.309 provided clear guidance, and held that Hagan was not eligible for limited driving privileges during the ten-year denial of his driving privileges pursuant to section 302.060. *Id.* at 706-07.

Here, Driver's driving privileges were suspended for ten years pursuant to section 302.060.1(9) for accruing more than two DWI convictions. Driver previously had his license suspended for felony DWI and felony DWR—two felonies in the commission of which a motor vehicle was used. As a result, Driver was "otherwise ineligible" for a limited driving privilege. Sections 302.309.3(6)(b) and 302.309.3(8)(a).

The fact that Driver is no longer serving the point-based revocation stemming from his previous felony convictions is irrelevant. The relevant fact is that Driver's convictions for DWI and DWR were felonies that involved the use of a motor vehicle. Consequently, Driver is statutorily ineligible for a limited driving privilege. *See, e.g.*, *Hagan*, 968 S.W.2d at 706; *State ex rel. Dir. of Revenue v. Curless*, 181 S.W.3d 595, 598 (Mo. App. S.D. 2005); *Harris v. Dir. of Revenue*, 132 S.W.3d 897, 902 (Mo. App. S.D. 2004); *Conrad v. Dir. of Revenue*, 20 S.W.3d 607, 609 (Mo. App. E.D. 2000).

Driver attempts to distinguish *Hagan* on the basis that Hagan's felony DWI was the last DWI he received before the ten-year denial of his license, whereas Driver's felony DWI was the second of his three DWI convictions. In making this argument, Driver attempts to impose requirements not present in the language of the governing statutes. A driver must have three or more DWI convictions to "trigger" a ten-year denial of his driving privileges. Section 302.060.1(9). The language of the statute makes no distinction on the basis of whether those DWI convictions are felonies or misdemeanors. *Id.* If a driver is subject to such a ten-year denial, then section 302.309 determines

5

whether that person is eligible for limited driving privileges.  *Mobley*, 49 S.W.3d at 179.

Contrary to Driver's argument, section 302.309.3(6)(b) does not require that the felony

conviction involving the use of a motor vehicle "trigger" the ten-year denial pursuant to

302.060.1(9), and it does not require that the felony conviction be for DWI.  Section

302.309.3(6)(b).

Ultimately acknowledging the inevitability of this result under a plain reading of

the statutes at issue, Driver claims that it is unfair to restrict his ability to gain limited

driving privileges based on remote conduct for which he has already served a suspension.

Once again, this claim fails under the principles announced in *Hagan*.  Addressing a

substantially similar argument, *Hagan* held that "[t]hat argument is one of policy that has

been determined by the legislature[,]" 968 S.W.2d at 706, and this court has no authority

to interfere with that policy decision under the guise of statutory interpretation.  *Id.*

Finally, Driver points us to the amendments to section 302.309 that will become

effective on January 1, 2017, claiming that they evidence a legislative "intent that limited

privileges be generally available."  To the contrary, "[t]he purpose of subsection .3[(6)] is

to protect the public from those drivers who present a greater risk, not [the driver's]

interest in driving." *Hagan*, 968 S.W.2d at 706.  To the extent that the referenced

amendments might be interpreted to reflect a change in legislative policy, Driver may not

yet avail himself of any such future benefit.

Driver's point is denied, and the judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

6