

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| ERIC BRANSON, | ) | No. ED108237 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Osage County |
| vs. | ) | |
| | ) | Honorable Robert D. Schollmeyer |
| DIRECTOR OF REVENUE, STATE OF MISSOURI, | ) | |
| | ) | |
| | ) | |
| Appellant. | ) | FILED: May 12, 2020 |

Introduction

The Director of Revenue ("DOR") appeals from the judgment of the circuit court granting the petition of Eric Branson ("Branson") to reinstate his driving privileges under Section 302.060.1(10).[1] In its sole point on appeal, the DOR claims the circuit court erred in reinstating Branson's driving privileges because Branson was convicted of possession of a controlled substance within the preceding five years of his petition and therefore was ineligible for reinstatement. Section 302.060.1(10) provides no exceptions to the requirement that a petitioner for reinstatement not have been found guilty of an offense related to alcohol, controlled substances, or drugs during the preceding five years. Because Branson was found guilty of possession of a controlled substance eleven days prior to filing his petition for

---

[1] All Section references are to RSMo (Cum. Supp. 2018).

reinstatement, the circuit court erred in granting Branson's petition. Accordingly, we reverse and remand to the circuit court to issue its judgment consistent with this opinion.

Factual and Procedural History

The DOR revoked Branson's driving privileges for a five-year period under Section 302.060.1(10) following his conviction on June 2, 2009, for driving while intoxicated ("DWI").

On October 24, 2015, the State charged Branson with possession of a controlled substance and unlawful use of drug paraphernalia. After numerous continuances and alleged abandonment by defense counsel, on April 5, 2019, Branson pleaded guilty to possession of a controlled substance. Branson received a suspended imposition of sentence and was placed on supervised probation for five years.

On April 16, 2019, Branson petitioned the circuit court to reinstate his driving privileges.[2] Branson averred he was eligible for reinstatement on June 2, 2014, five years following the revocation of his driving privileges. Branson attested in his petition that he "has not been convicted, pled guilty to or been found guilty of—and has no pending charges for—any offense related to alcohol, controlled substances or drugs and has no other alcohol-related enforcement contacts as defined in [S]ection 302.525 during the preceding five years."

The DOR countered Brandon's petition with a motion to dismiss, alleging that Branson could not establish that he had not been found guilty of any offense related to controlled substances during the preceding five years because he pleaded guilty to possession of a controlled substance on April 5, 2019—eleven days prior to the filing of his petition for reinstatement. The trial court conducted a hearing on the motion on August 27, 2019. At the

---

[2] The petition initially identified subsection 9 of Section 302.060.1 as the governing subsection, which applies to revocations for ten-year periods, but the petition went on to clarify that the relevant time period was five years as found in subsection 10.

2

hearing, Branson did not deny the facts in the motion to dismiss but contended there were extenuating circumstances. Namely, Branson maintained that his recent guilty plea to possession of a controlled substance should not make him ineligible for reinstatement because the felony charge had been pending for the past five years as a result of multiple continuances and abandonment by his defense attorney. The DOR argued that the law provides no exceptions and that if Branson had entered his plea earlier, the plea still would have occurred within the preceding five years of Branson filing his petition. The circuit court denied the DOR's motion.

Branson testified that he was eligible for a license, had no pending charges, and believed his habits and conduct showed he no longer posed a threat to the safety of the state. The circuit court issued its judgment reinstating Branson's driving privileges. The circuit court's judgment did not offer detailed findings of fact and conclusions of law but noted that Branson had become eligible for reinstatement effective June 2, 2014, and that his habits and conduct since that time showed Branson no longer reasonably posed a threat to public safety. The DOR now appeals.[3]

## Point on Appeal

In its sole point on appeal, the DOR argues that the circuit court erred in ordering Branson's driving privileges reinstated under Section 302.060.1(10) because there was no substantial evidence that Branson was eligible for reinstatement in that Branson was found guilty of possession of a controlled substance eleven days before he filed his petition for reinstatement.[4]

## Standard of Review

We review a circuit court's judgment reinstating driving privileges the same as any court-tried case by determining whether the judgment is supported by substantial evidence, is against

___

[3] Branson declined to file a respondent's brief.

[4] The DOR only appealed the judgment in its Point Relied On but notes that the circuit court's rulings denying the motion to dismiss and granting the reinstatement present the same legal issue.

the weight of the evidence, or erroneously declares or applies the law. White v. Dir. of Revenue, 321 S.W.3d 298, 307–08 (Mo. banc 2010) (citing Murphy v. Caron, 563 S.W.2d 30, 32 (Mo. banc 1976)). "When, as here, the facts of a case are uncontested and the resolution of the issue turns solely on the interpretation of pertinent statutes," we review any question of statutory interpretation de novo. Nelson v. Dir. of Revenue, 498 S.W.3d 545, 546 (Mo.App. S.D. 2016) (internal citation omitted); see also Stiers v. Dir. of Revenue, 477 S.W.3d 611, 614 (Mo. banc 2016) (internal citation omitted); Mayfield v. Dir. of Revenue, 335 S.W.3d 572, 573 (Mo. App. E.D. 2011) (internal citation omitted). In statutory interpretation, "the primary goal is to give effect to legislative intent as reflected in the plain language of the statute." Stiers, 477 S.W.3d at 615 (quoting State v. Moore, 303 S.W.3d 515, 520 (Mo. banc 2010)).

### Discussion

Section 302.060.1 governs a circuit court's authority to reinstate a petitioner's driving privileges following revocation by the DOR. The subsection applicable to five-year revocations following multiple DWIs provides that the DOR shall immediately deny any driving privilege:

> To any person who has been found guilty of acting with criminal negligence while driving while intoxicated to cause the death of another person, or to any person who has been convicted twice within a five-year period of violating state law, county or municipal ordinance of driving while intoxicated, or any other intoxication-related traffic offense as defined in section 577.001, except that, after the expiration of five years from the date of conviction of the last offense of violating such law or ordinance, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction, including the results of a criminal history check as defined in section 302.010. **If the court finds that the petitioner has not been found guilty of, and has no pending charges for any offense related to alcohol, controlled substances, or drugs and has no other alcohol-related enforcement contacts as defined in section 302.525 during the preceding five years**, and that the petitioner's habits and conduct show such petitioner to no longer pose a threat to the public safety of this state, the court shall order the director to issue a license to the petitioner if the petitioner is otherwise qualified pursuant to the provisions of sections 302.010 to 302.540[.]

4

Section 302.060.1(10) (emphasis added).  Thus, the plain language of the statutory provision for reinstatement of driving privileges disqualifies a petitioner who, within the past five years, was "found guilty of . . . any offense related to . . . controlled substances[.]"  Section 302.060.1(10).

Here, it is undisputed that eleven days before petitioning for reinstatement of his driving privileges, Branson pleaded guilty to possession of a controlled substance.  The offense of possessing a controlled substance is clearly an offense that is "related to alcohol, controlled substances, or drugs[,]" and Branson's conviction was within "the preceding five years" of filing his petition.  See Section 302.060.1(10).  Thus, no substantial evidence could support finding that Branson "ha[d] not been found guilty of, and has no pending charges for any offense related to alcohol, controlled substances, or drugs . . . during the preceding five years[.]"  See id. Because Branson's recent guilty plea made him ineligible for reinstatement of his driving privileges under Section 302.060.1(10), the circuit court erred in granting Branson's petition. See id.; see also Mayfield, 335 S.W.3d at 573, 575 (finding a petitioner's drug-paraphernalia conviction three years prior was an offense related to controlled substances or drugs within the preceding ten-year denial period under Section 302.060.1(9) requiring reversal of the circuit court's grant of the petition for reinstatement).

Further, we agree that the circuit court lacked statutory authority to disregard Branson's guilty plea.  Branson identified no exception to the requirements for reinstatement under Section 302.060.1(10) and we find none.  Section 302.060.1(10) is remedial in nature and aims to protect public safety, thus we must "liberally interpret this statute to fully accomplish this legislative intent."  See Mayfield, 335 S.W.3d at 575 (discerning the legislative intent of the similarly-worded Section 302.060.1(9) for ten-year revocations).  We cannot add language nor create an exception to the statutory requirements where none exists.  See Li Lin v. Ellis, 594 S.W.3d 238,

244 (Mo. banc 2020) (internal quotations omitted) (noting "courts cannot add statutory language where it does not exist; rather, courts must interpret the statutory language as written by the legislature"); see also Nelson, 498 S.W.3d at 548 (citing Hagan v. Dir. of Revenue, 968 S.W.2d 704, 706 (Mo. banc 1998)); Mayfield, 335 S.W.3d at 575. The record of the hearing reflects that the circuit court considered Branson's habits and conduct in the preceding five years (other than Branson's October 2015 felony charge) as well as the fact that Branson had no pending charges. However, that is not the test set forth in the statute. Section 302.060.1(10) unambiguously disqualifies a petitioner seeking reinstatement of his driving privileges who has "been found guilty of" an offense related to alcohol, controlled substances, or drugs within the preceding five years. Section 302.060.1(10). Branson had been found guilty of possession of a controlled substance only eleven days before he petitioned the court to reinstate his driving privileges. Thus, the circuit court erred in ordering the DOR to reinstate Branson's driving privileges. See id.

While Branson supplied a reasonable explanation as to why there was a delay between the State charging him with possession of a controlled substance in October 2015 and his pleading guilty to the charge on April 5, 2019, he has not alleged any facts nor cited any law affording him relief under the plain language of Section 302.060.1(10). Further, even if Branson had pleaded guilty earlier to the 2015 charge, the conviction would still have occurred within the preceding five years of Branson filing this petition, and thus would still have made him ineligible for reinstatement. See Section 302.060.1(10). In Nelson, the petitioner argued that, despite the plain language of the statue for reinstatement of limited driving privileges, it was unfair to restrict his ability to gain limited driving privileges based on remote conduct for which he had already served a suspension. 498 S.W.3d at 548. In denying the petitioner's appeal, the

Southern District recognized the alleged unfairness but noted that it must adhere to the policy of the legislature as set forth in the statute. Id. (citing Hagan, 968 S.W.2d at 706). Even though applying the plain language of Section 302.060.1(10) requires Branson to wait longer than he otherwise would in order to be eligible for reinstatement of his driving privileges, that is the correct result. We have "no authority to interfere with [the legislature's] policy decision under the guise of statutory interpretation." Id. (citing Hagan, 968 S.W.2d at 706); see also Stiers, 477 S.W.3d at 615, 617 (internal citations omitted); Mayfield, 335 S.W.3d at 575.

Accordingly, we hold that the circuit court erred in granting Branson's petition for reinstatement of his driving privileges. See White, 321 S.W.3d at 307–08 (internal citation omitted). We therefore reverse and remand to the circuit court to issue a new judgment consistent with this opinion.

## Conclusion

The judgment of the circuit court is reversed and remanded.

_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

7